CITY OF NEW ORLEANS *v.* BERNARD TURPIN.

The Legislature, besides levying taxes for the support of the State Government, may delegate to the several parishes and municipal corporations of the State a similar power of taxation for the support of a local government and police within their respective limits.

There is no constitutional or legal provision inhibiting the taxation of the profession, calling or business of an auctioneer.

The license granted to auctioneers by the Auditor of Public Accounts and their *quasi* official character involve no contract exempting them from taxation.

The power of taxing such a calling having been delegated to the city may be exercised by it, although the State has not chosen to tax the same calling for the support of the State Government.

APPEAL from the Second District Court of New Orleans, *Morgan*, J. *Laville & Morel*, for plaintiff. *Clarke & Bayne*, for defendant and appellant.

SPOFFORD, J. This case presents the question of the constitutionality and legality of an ordinance of the city of New Orleans, levying a tax of one hundred dollars *per annum* upon each person pursuing the profession or calling of an auctioneer.

Article 123 of the Constitution provides, that "the Legislature shall have power to levy an income tax, and to tax all persons pursuing any occupation, trade or profession."

The Legislature, besides levying taxes for the support of the State Government, may delegate to the several parishes and municipal corporations of the State a similar power of taxation for the support of a local government and police within their respective limits.

By the Act of March 20th, 1856, sec. 102, p. 158, it was declared, "that the city of New Orleans shall have power to levy taxes, commonly known as licenses, upon trades, professions, callings and other business carried on, and upon carriages, hacks, drays, carts and other vehicles, used is said city, and said taxes, commonly known as licenses, laid as aforesaid, shall not be construed to be a tax on property, within the meaning of sections 36, 38 and 42 of this Act."

The profession, calling or business of an auctioneer is, then, taxable by the city, unless there is some constitutional or legal provision inhibiting such taxation.

No Article in the Constitution has been pointed out or is known to us which prohibits the exercise of such a power by the city under an authority delegated by the Legislature.

The Act of March 12th, 1855, p. 106, "Relative to Auctioneers," has been largely commented on, as implying an exemption for them from parochial or municipal taxation.

It is contended that they are State officers, and, as such, exempt from *this* species of taxation. They are *quasi* officers; but they are neither elected nor appointed; they receive no commission from the Governor, and are paid no salary; any citizen of the State may voluntarily become an auctioneer for the parish in which he is a qualified voter, upon giving bond and, security, and taking the oath prescribed by Article 90 of the Constitution.

They are required to take out an annual license from the Auditor of Public Accounts; but this is to secure the payment of certain duties upon auction sales, to aid the State revenue; it does not debar either the State or the political corporations to whom it may delegate its powers, from taxing the calling or business carried on by auctioneers.

Attorneys-at-law are *quasi* officers; they receive licenses to practice their profession: but we have recently held, that, notwithstanding, they may be taxed annually for pursuing their profession. Their license and their *quasi* official character involve no contract exempting them from such taxation; the title and the license granted to auctioneers by the Auditor of Public Accounts imply no greater immunities. *State* v. *Waples*, 12 An. 342; *State* v. *Fellowes*, 12 An. 344.

Because the State has not chosen to exercise its power of taxing this calling or profession for the support of the State Government, it does not follow that the city cannot exercise the power specially delegated to it by the State.

Judgment affirmed.