No. 9544.

## THE STATE OF LOUISIANA vs. GEORGE L. BRIGHT.

A municipal corporation has no right to enforce obedience to the ordinances which it has the power to pass, by fine or imprisonment or other penalty, unless that right has been unquestionably conferred by the lawgiver. The infliction of punishment for the commission, or omission of the act declared to be an offense, is a prerogative which, as a rule, appertains exclusively to the sovereign.

The city of New Orleans has no right to inflict a fine and, in default of payment, imprisonment for non-compliance with an ordinance relative to the establishment of a uniform grade for all sidewalks within corporate limits. That right was not delegated to it by the charter. The words found in Section 7, which authorize provision for the punish-

ment of any violation of certain ordinances, refer to *such* regulations as the council is authorized to pass and have executed as may be necessary and proper to preserve the peace and good order of the city, and to maintain its cleanliness and health. They surely do not justify a fine and, in default of payment, the imprisonment of the transgressor of the ordinance attacked in this instance.

APPEAL from First Recorder's Court.
       *Davey*, J.

*Walter H. Rogers.* City Attorney, for Plaintiff and Appellee :

1. There is an express grant to the city by the State " to exercise a general police power in the city of New Orleans." Act No. 20, 1882, par. 15, Sec. 8 ; Act No. 20, 1882. par. 1, Sec. 1.
2. The subjects of the police power are as numerous as the wants, safety and good conduct of the community require ; they arise from the necessities of society.
3. Under this power is embraced the authority to provide for the establishment, maintenance and control of public highways, etc.  Gas Light Co. vs. Light and Heat Co. U .S. S. C., (not reported) ; 1 Otto, 540-547.
4. The banquettes of the city of New Orleans are public highways.  14 Ann. 285.
5. It is lawful for the City Council, having authority to regulate streets, to direct its Surveyor and Commissioner to perform its ministerial work.  6 Otto, 341-353 ; Act No. 20, 1882, Sec. 24 ; Act No. 20, 1882, Sec. 26.
6. A power granted to a municipal corporation to grade streets, is a continuing power.  6 Wheaton, 593-598 ; 20 Howard, 135, 149.
7. An ordinance regulating a street grade, is not a contract with property owners.  Id.
8. A charter authorizing corporation to open and keep streets in repair, authorizes cutting down grade.  Id.
9. Effect must be given to all ordinances regularly passed and within the powers conferred by the charter.  14 Ann. 318 ; 10 Ann. 228 ; 3 Paige, 218.
10. The power of the corporation to fix a penalty for a violation of its ordinances, and the power to enforce such ordinances, cannot be questioned.  3 Ann. 689.
11. A proceeding before and a sentence by a recorder for violation of a police ordinance, is lawful.  14 Ann. 37 ; State vs. Nannessier, Op. Book No. 53, p. 237 ; Art. 253. Constitution of Louisiana ; Act No. 20, 1882, Secs. 49, 50.

*Geo. L. Bright* for Defendant and Appellant.

The opinion of the Court was delivered by

BERMUDEZ, C. J.  The question presented in this controversy, involves the power of the city of New Orleans to enforce, by fine and in default of payment of such, by imprisonment, compliance with the requirements of an ordinance relative to the establishment of an uniform grade for all sidewalks, within corporate limits.

The defendant, who was prosecuted for such non-compliance, appeals from the judgment rendered against him.

The ordinance (No. 749, A. S.) reads as follows :

" *Resolved*, that an uniform grade shall be established for all sidewalks within the corporate limits of this city, and that the owners of all property, fronting any public alley or street shall, *at their own ex-*

*pense,* cause their sidewalks to be made in conformity to said grade, within ten days after the same shall have been established by the city surveyor, and notice served by the commissioner of public works, upon the owner, agent or tenant of said property. Any owner of property, who shall fail to cause said sidewalk to be so graded, after due notification and within ten days thereafter, shall be subject to a fine of not less than twenty-five dollars for each offense, and in default of payment of said fine, to imprisonment for a period of not less than thirty days, or both, at the option of the court; said fine or imprisonment to be imperative, and to be enforced by any court of competent jurisdiction."

It is claimed, on the one hand, that the right to provide for an uniform grade for all sidewalks within corporate limits, and to enforce compliance with the regulations on the subject, is vested in the city, not only by her charter, but also by the police power with which she is necessarily clothed as an indispensable inherent prerogative, essen.. tial for her existence and maintenance.

On the other hand, it is urged that the city possesses no such right, for the reasons that it was not conferred by the charter and that it is not inferable from such police power.

It is further pressed that, if the city has the right to provide for the grade of sidewalks, such power cannot be delegat d to the city surveyor, and that the observance of regulations on that subject cannot be coerced by fine and in default of payment by imprisonment.

It is needless to inquire and determine whether the city authorities, have the right, either under the charter or the prerogative attaching to the exercise of the police power, to provide for an uniform grade for all sidewalks within corporate limits and whether this right was or not delegated to the surveyor.

If it be true as claimed, that the city has no right to enforce an ordinance to accomplish that object *by fine,* and in default of payment by *imprisonment,* it follows that the ordinance in this case, would be clearly unwarranted and illegal in that respect. This would suffice to render it inoperative and to relieve the defendant from the effect of the judgment from which he has appealed.

It is a principle which cannot be controverted, that a municipal corporation which is the creature of the law and a State functionary, can exercise only those powers which have been expressly delegated to it, and which are necessarily implied as inherent to its existence and thus. absolutely indispensable for its administration and maintenance in the

accomplishment of the functions for which it was put in being and given life.

It is, therefore, acknowledged by text writers, supported by abundant authorities, that a municipal corporation has no right to enforce obedience to the ordinances which it has the power to pass, by fine or imprisonment, or other penalty, unless that right has been unquestionably conferred by the lawgiver; for this is inflicting a punishment for the commission or omission of an act declared an offense, a prerogative which, as a rule, appertains to the sovereign only. Dillon, § 336, p. 343; § 353, p. 353; Desty on Tax, p. 765.

We have carefully examined the sections of the charter (Act 20 of 1882) of the city (Sections 7 and 8), and have failed to discover in them any delegation of such right for non-compliance with ordinances relative to streets or sidewalks.

The words "shall provide for the punishment of any violation of such ordinances or regulations, by fine or imprisonment," found in Section 7, refer to ordinances which the common council is authorized to pass and have executed, as may be necessary and proper to preserve the peace and good order of the city and to maintain its cleanliness and health.

Those words, under no circumstance, even in the cases stated, would justify the city in imposing a fine, and in default of payment in imprisoning the transgressor, as was done by the ordinance attacked in this instance.

For those reasons:

It is ordered and decreed, that the judgment appealed from be reversed; and it is now ordered and decreed, that the prosecution be dismissed and the defendant discharged from the claim against him.

In holding as we do, we make no reflection on what right the city may have to enforce otherwise compliance with such ordinances.