The opinion of the court was delivered by
Watkins, J.
The defendant appeals from a sentence imposed by the judge of the Second Recorder’s Court, condemning him to pay a *1413 fine of §25, or, in default thereof, to be imprisoned for thirty days— the complaint against him being that he had violated the provisions of ordinance No. 92, council series,.relative to selling lottery tickets.
As setting out the defences urged in their strongest light, we clip the following from the brief of defendant’s counsel, viz.:
“ In the court below defendant interposed a plea, attacking the constitutionality of the ordinance in question on several grounds. Only three of the points originally set up are now insisted upon in this brief:
“ 1. The ordinance is unconstitutional, because ultra vires, conferring judicial functions on the recorder, which have never been delegated, and can not be delegated, to the city of New Orleans by the State laws, under the Louisiana Constitution and the United States Constitution. The subject matter of the ordinance is not in the nature of a police regulation, nor implied by nor incidental to the exercise of the corporate powers and franchises conferred upon the city by the laws of the State; that the object of the said ordinance is not to suppress a vocation or an act malum in se, nor to promote the public order, health, morals, comfort, safety or convenience of the city, which is the only legitimate sphere in which the police power of the city can be exercised; on the contrary, the purpose of said ordinance is to promote the public revenues and indirectly to discriminate in favor of the Louisiana State Lottery Company, a corporation recognized by the Constitution of this State.
“ 2. The ordinance violates the State and Federal Constitutions by providing for the arrest, summary conviction and sentence of persons accused thereunder, without trial by jury, and without due process of law, and denies equal protection of the laws to citizens of the United States, to promote the private and individual interests of the said Louisiana State Lottery Company.
“ 3. The said ordinance is unconstitutional, under Arts. 92 and 136 of the Louisiana Constitution, because the same pretends to confer upon the recorders of the city of New Orleans judicial powers extending further than the cognizance of cases arising under the police regulations of towns and cities of this State, and beyond their duties as committing magistrates.”
The specific charge of the affidavit is that the defendant violated the aforesaid ordinance by selling illegal lottery tickets.
The provisions of ordinance No. 92, C. S., are as follows, viz.: *1414 “ That it shall be unlawful for any person or persons to sell, barter, exchange, or otherwise dispose of any lottery ticket, or token, policy, combination, device, or certificate, or fractional part thereof, in any lottery drawn or to be drawn, in or out of the city of New Orleans, unless the same be duly authorized by the laws of the State of Louisiana.” Sec. 1.
“That any person or persons violating the provisions of this ordinance shall, upon conviction, before the recorder within whose jurisdiction the offence was committed, be condemned by said recorder to pay a fine of f25 for each offence, and in default of payment, to be (condemned) to imprisonment for not less than twenty nor more than thirty days.” Sec. 2.
This ordinance was passed on January 30, 1883, and has not since been modified or repealed. It is an existing and apparently regular and legal ordinance of the city — conferring upon the recorders of the city plenary and express authority, not only for proceedings thereunder, but to fine and imprison persons violating the provisions thereof.
Consequently the only objections that could be urged against it are unconstitutionality and illegality; and the sabstance of the defendant’s complaint is that “the subject matter of the ordinance is not in the nature of a police regulation,” and that its object “is not to suppress a vocation, or an act (which is) malum in se; nor to promote the public order, health, morals, comfort, safety, or convenience of the city, which is the only legitimate sphere in which the police power of the city can be exercised.”
As a corollary of the foregoing proposition counsel for the defendant alleges that, “ on the contrary, the purpose of said ordinance is to promote the public revenues, and, indirectly, to discriminate in favor of the Louisiana State Lottery Company, a corporation recognized by the Constitution of this State.”
His further proposition is that the ordinance is ultra vires, conferring as it does judicial functions on the recorders of the city beyond the scope of the Constitution and the charter of the city.
The common council of the city is authorized by its charter, inter alios, “to suppress all nuisances;” and surely it does not require argument to show that the illicit sale of unauthorized lottery tickets, within the limits of a great city like New Orleans, is a public nuisance, and within the spirit and intendment of the denunciation of the city charter. Sec. 7, Act 20 of 1882.
*1415 That such illicit sale of lottery tickets is a subject matter that comes within the “ police regulations of towns and cities within this State,” in the sense of the organic law, seems to be a proposition so self-evident that argument is not required in support of it. Arts. 92 and 186 of the Constitution.
The suppression of the sale of illegal lottery tickets certainly has a tendency to promote good morals; and it is, inferentially, conceded by the defendant, that if such were the case the ordinance would possibly come within the charter and the Constitution.
We can not discover in what way the ordinance could possibly promote or increase the public revenues of the city, as it imposes no fine upon the sale of lottery tickets, such as a license and the like; but it does impose a fine or imprisonment, as a penalty for selling unlicensed lottery tickets. Instead of encouraging the sale of lottery tickets the ordinance prohibits and discourages it, in the strongest terms — the flat of the ordinance being that “ it shall be unlawful for any person or persons to sell, barter, exchange, or otherwise dispose of any lottery tioket * * * unless the same be duly authorized by the laws of this State.”
Nothing could be farther from the expressed object of the ordinance, than to make the traffic in illicit lottery tickets a source of revenue to the city; for the only saving clause of the same, looking to a possible sale of lottery tickets, is that in respect to such sales as might be authorized by the State, and which the city by ordinance would be powerless to prevent.
The further objection that the ordinance is illegal, because it tends to discriminate favorably to the Louisiana Lottery Company, is equally without merit, because the city is powerless to control the action of the State in the premises. The object had in view by the 'framers of the ordinance doubtless was, to guard the city against even the appearance of running counter to a statute law of the State on the subject of the sale of lottery tickets.
That in such ease, as those provided for in the ordinance, the Legisislature has constitutional power to confer on the City Council delegated authority to vest in city recorders jurisdiction of such offences, we have no doubt.
Judgment affirmed.