The opinion of the court was delivered by
McEnery, J.
The defendant was convicted for playing within the limits of the city of Monroe a gambling game called “craps.”
*1233 The State of Louisiana, by Act No-. 7 of 1882, prohibits the playing of this game, and affixes a penalty for violating the same.
The defendant, because of this State statute, contends that the Recorder’s Oourt of said city, before which he was convicted, had no jurisdiction to try the case, and that the city ordinance prohibiting the playing of the game of craps is null and void, being in contravention of the Constitution of the State.
The Legislature has delegated to the city of Monroe ample and complete power to regulate and preserve the good order and peace of the city. Gambling is denounced by the Constitution as a vice, and its regulation and prohibition fall within the police powers of the city.
In a certain class of offences there may be concurrent powers in the State and the municipal authorities to prohibit them. The decisions on this point have beep, so numerous and uniform in upholding this doctrine that it has passed as an elementary principle into the text-books. Cooley’s Cons. Limitations, p. 242; Dillon on Corp., Vol. 1, Sec. 368.
The jurisprudence of this State is in accord with this doctrine. State vs. Fourcade, 45 An. 717.
In the 30 An. 454, it is said that fines may be imposed by municipal corporations for violations of their ordinances, and that the State may impose a fine for violations of the same act is well established. There can therefore be no objection to the municipal corporation imposing a fine for an act punished by a State statute, when the offence is of that nature that is embraced within the power of the municipal government to preserve public order and the public peace. The experience of municipal corporations will teach them which acts are of that nature that are likely to promote public disturbance, and in the exercise of their judgment in this direction there must necessarily be left to them a latitude of discretion which will not be disturbed by the courts unless in plain violation of personal rights.
In the instant case we do not see, nor is it contended, that any of the personal rights of the defendant have been violated. He has transgressed the State statute and is liable to punishment for so doing. He has violated a city ordinance enacted in the furtherance of the good order and peace of the municipal corporation. Here are two distinct offences — one directed against the police power of the State and the other against the municipal government. These *1234 offences, committed by one act, are of that nature that two prosecutions can be instituted, since the State has delegated the power to the Mayor and City Council of Monroe to pass all necessary ordinances to preserve the good order and peace of the city.
It would serve no useful purpose to enumerate the offences daily punished by both the State and municipal corporations. It is sufficient to say that where the act falls within the delegated police powers to the city, the prosecution for its commission may be instituted by both the city and the State — in the former case, when the penalty imposed by the city is within the limits of the penalty it is allowed to impose, and does not exceed the limit imposed by the State. On this point the authorities are practically unanimous.
Judgment affirmed.