(38 South. 583.)

No. 15,368.

TOWN OF RUSTON v. PERKINS et al.*

(March 27, 1905.)

GAMING—CONSTITUTIONAL LAW—ORDINANCES.

Article 188 of the Constitution, declaring that "gambling is a vice and the Legislature shall pass laws for its suppression," does not preclude the Legislature from conferring upon the municipalities of the state the power to pass ordinances for the suppression of gambling, and the Legislature has conferred such power upon the municipalities organized under the provisions of Act No. 136, p. 224, of 1898.

(Syllabus by the Court.)

Appeal from Mayor's Court, Town of Ruston; J. L. Bond, Mayor.

C. W. Perkins and others were convicted of violation of the ordinance of the town of Ruston, and appeal. Affirmed.

John B. Holstead and Milton Carter Elstner, for appellants. Price & Roberts and Barksdale & Barksdale, for appellee.

PROVOSTY, J. Under its charter the town of Ruston is authorized "to restrain, prohibit and suppress * * * games and gambling houses and rooms * * *, and to provide for the punishment of the persons engaged in same." Act No. 136 of 1898, p. 231, § 15, subd. 26.

Under this power it passed an ordinance prohibiting "all games of chance, lotteries, banking games, raffling, and all other species of gambling," and providing for the punishment of those found guilty of violating the ordinance.

Under this ordinance the defendants were charged with, and found guilty of, gambling at cards, and sentenced each to a fine of $100. The game played was that known as "draw poker." The record contains an admission that this is a gambling game.

The defendants assail the legality and constitutionality of the ordinance on two grounds:

First. That it is not authorized by the

*Rehearing denied May 22, 1905.

charter of the town—Act No. 136 of 1898, p. 231, quoted above; said act having reference exclusively to such kinds of gambling as are prohibited by the statutes of the state, and draw poker not being thus prohibited.

Second. That if the ordinance is authorized by said act, then it is unconstitutional, because the Legislature is forbidden by article 188 of the Constitution to delegate its power to pass laws for the suppression of gambling.

The first of these grounds is disposed of by the plain terms of the act. In fact, the statute authorizes the prohibition and suppression of games of all kinds, and the punishment of the persons engaging in the same; but, as a matter of course, it was not intended to have this broad application, as is evident from the context.

The second ground is not more tenable. Article 188 of the Constitution reads as follows:

"Gambling is a vice, and the Legislature shall pass laws to suppress it."

We fail entirely to see wherein this article expresses the desire to withdraw from the Legislature the faculty it had theretofore possessed of delegating to the municipalities of the state the duty and the power to suppress gambling. And not alone from the text of the article, but also from its history, we know that there was no intention to restrain the Legislature in the exercise of this prerogative. It had not been so injudiciously exercised or abused as to call for the placing of a restriction upon it. It is not one of those prerogatives liable to abuse and needing restraint. Indeed, we know very well that the sole idea was to make still more stringent the duty of the Legislature to take steps towards the suppression of gambling, and that nothing was farther from the minds of the framers of the article than to hamper the Legislature in the measures it should take in that direction, or to debar it from utilizing for that purpose the very means most likely to prove efficacious, that of arming local public sentiment with the weapons of the law. That

gambling falls under the police power, and that the police power may be delegated to the municipalities, are well recognized. Cooley, Const. Lim. (6th Ed.) pp. 138, 226, 742. Therefore Act No. 136 of 1898, far from violating either the letter or the spirit of article 188, is strictly in line with both. The article requires the Legislature to pass laws for the suppression of gambling. In obedience thereto the Legislature passed this law, which in its operation seems to be suppressing gambling with a vengeance.

These views are in entire harmony with the case of the City of Shreveport v. Maloney & Schulsinger, 107 La. 193, 31 South. 702. What was there held is that an ordinance whereby betting on horse racing is made a punishable offense is inconsistent with the statute of the state giving a right of action for the recovery of money won on such a bet, and incidentally it was held that article 188 of the Constitution is not self-operative, and therefore does not have the effect, proprio vigore, of outlawing all forms of gambling.

We should have dealt with the motion to dismiss before proceeding to the merits. Its two grounds are both untenable. It is not true that the accused has to move for a new trial before he can appeal; and if it be true that in a prosecution under an ordinance he can appeal only when the ordinance has been declared to be unconstitutional, then he can never appeal, for such adjudication of unconstitutionality ends the prosecution.

Judgment affirmed.