LAND, J.
Defendants were convicted and sentenced for violating an ordinance of the city of Lake Charles by gambling at the game of poker in a elubroom attached to a drinking saloon.
Before arraignment, defendants demurred to the charge on the following grounds:
(1) That the ordinance was intended to operate only against professional gamblers.
(2) That the city of Lake Charles was without corporate power to adopt the ordinance in question, because there is no state law defining gambling and declaring the nature of the offense and fixing the penalties.
(3) That the amendments to the original charter of the city of Lake Charles, adopting provisions of the Lawrason act (No. 136, p. 224 of 1898), empowering municipal corporations to prohibit and suppress “games and gambling houses and rooms,” are absolutely null and void and ultra vires, because the Legislature has not expressly delegated such corporate power to said city, and because said city at the time of the adoption of the Constitution of 1898 had a population largely in excess of 2,500 inhabitants, and therefore did not fall within the class of municipal corporations governed by the general municipal corporation act of 1898.
(1) The ordinance reads that “whoever shall gamble at cards, dice or other contrivance,” and its terms are broad enough to cover all gamblers, whether professional or lay.
*484 (2) The second ground of demurrer is disposed of by reference to the case of Town of Ruston v. Perkins, 114 La. 851, 38 South. 583.
(3) The city of Lake Charles was incorporated in 1867. In 1899 the council, with the approval of the Attorney General and the Governor, amended and re-enacted the charter of 1867 under the provisions of the Lawrason act, or Act 136, p. 224 of 1898, and especially under the forty-third section thereof.
Under the provisions of this statute for the creation and government of municipal . corporations throughout the state, "and defining their powers and duties, an existing municipality is authorized to cast off its old charter and come under the operation of the provisions of the act by a majority vote of the electors of such town or city. Section 40. ■ By section 43 it was provided that municipalities then existing, without coming under the provisions of the act, should have the right to amend their charters on complying with certain prescribed conditions and with the approval of the Attorney General and Govern- or. This section provides that such amendments, when approved by the Governor and recorded in the office of the Secetary of State, “shall have the force and effect of law.” Section 44 provides that this act shall not apply to cities containing over 200,000 inhabitants. The city of Lake Charles was therefore clearly within the purview of the statute.
The ground of the demurrer seems to be that article 48 of the Constitution of 1898 prohibited the Legislature from passing a general law providing for the amendment of the charters of municipal corporations having a population of 2,500 or over. Article 48, so far as necessary to quote, reads as follows:
“The General Assembly shall not pass any local or special law of the following specified subjects: * * * Creating corporations, or amending, renewing, extending or explaining the charters thereof, provided, this shall not apply to municipal corporations having a population of not less than twenty-five hundred inhabitants, or to the organization of levee districts and parishes.”
. The object of this article was to prohibit special. legislation on certain subjects, and to relegate them to the domain of general laws. The exception of a certain class of municipal corporations from the prohibition of the article had no other effect than to leave the General Assembly free to legislate as to such class by general or special statutes. The proposition that the General Assembly may pass a special law amending the charter of a certain city or town does not involve the negation of the power to enact general laws affecting the charters of all municipal corporations within the limits of the state.
It is argued in this court that Act No. 200, p. 466, of 1898, to incorporate the city of Lake Charles, is the existing charter of the said city and had the effect of "repealing Act No. 136 of the same session, commonly called the Lawrason act. We cannot understand how such special act repealed the. provisions of the general law governing municipal corporations. However, Act No. 200, p. 466 of 1898, was mere referendum legislation, as according to its terms, the act was not to become operative until accepted by a majority in number and value of the qualified electors of the municipality. The record does not show such acceptance, and the act on its face is not self-operative.
Judgment affirmed.