(40 South. 859.)

No. 16,003.

CITY OF SHREVEPORT v. BOWEN.

(March 12, 1906.)

1. VAGRANCY—AFFIDAVIT—SUFFICIENCY.

Where, under an ordinance (and statute authorizing it), denouncing as vagrants all persons who live by gambling, and imposing a penalty, the charge is made that "the defendant is a vagrant, being a person without visible means of support, who gambles, at the game of draw poker, for a living," the charge should be entertained and the trial proceeded with.

[Ed. Note.—For cases in point, see vol. 14, Cent. Dig. Criminal Law, § 717; vol. 24, Cent. Dig. Gaming, § 237.]

2. CRIMINAL LAW—JUDICIAL NOTICE—DRAW POKER—DEFINITION.

There is no law in this state which undertakes, by enumeration or otherwise, to define all the forms of gambling, and it would be a work of superoration to do so, in so far as the game of draw poker is concerned, since it is a matter of common knowledge that it is a gambling game, pure and simple, probably more widely recognized as such than any other game known to the American people.

3. VAGRANCY—COMPLAINT.

But, to gamble is "to play, or game, for money or other stakes," and the offense denounced by the statute, and with which the defendant is charged, is gambling for a living. It is immaterial, therefore, for the purposes of the charge, whether any game is specified, or, if specified, what game it is, since any game may be played for money or other stakes, thus making it "gambling," and, when the gambling is carried on as a means of livelihood, it falls within the ban of the statute and becomes the offense charged by it.

(Syllabus by the Court.)

A. C. Bowen was charged with being a vagrant. From an order dismissing the prosecution, the city of Shreveport excepted, and applies for certiorari and mandamus. Writ of mandamus issued.

Ruffin Golson Pleasant, City Atty., for relator. Respondent Judge, pro se.

MONROE, J. An affidavit was made before the city court of Shreveport charging that the defendant is a "vagrant, being a person without visible means of support, who gambles, at the game of draw poker, for a living, in the city of Shreveport," etc.; but the judge refused to arraign the accused or to receive any plea from him, and dismissed the prosecution, whereupon the city excepted and applied to this court for a writ of certiorari, and for a mandamus to compel the judge to proceed with the trial; and, the usual rule nisi having issued, the judge, for cause why the mandamus should not be made peremptory, says:

"That the affidavit charges * * * no violation of the laws of the state, * * * for the reason that the game of draw poker has not been declared * * * to be gambling, * * * and that a person who makes his living by playing at the game of draw poker is not a vagrant within the terms of the city ordinance."

The ordinance, so far as it need be quoted, reads as follows:

"Section 1. Be it ordained * * * that all persons answering any of the following descriptions are hereby declared to be vagrants; * * * all persons who live by gambling."

This ordinance was adopted in obedience to Act No. 178, p. 368, of 1904, which reads, in part, as follows:

"That the several municipal corporations throughout the state shall adopt ordinances declaring vagrants, and punishing, as such, all persons * * * who live by gambling," etc.

The question is whether it is necessary, in order to bring the acts or course of conduct with which the defendant is charged within the meaning of the statute and the ordinance, that the game of draw poker should be specifically declared to be, of necessity, gambling. We have no hesitation in answering this question in the negative. There is no law in this state which undertakes, by enumeration or otherwise, to define all the forms of gambling, and it would be a work of supererogation to do so for the purposes of the question here presented, for, whilst there may be differences of opinion as to some exceptional cases, and as to whether this, or that, is a banking game, it is a matter of common knowledge, concerning which there can be no doubt or dispute, that draw poker is a gambling game, pure and simple, probably more widely recognized as such than any other game known to the American people. But, to gamble is to "play, or game, for money, or other stakes" (Web. Int. Dic. Verbo "Gamble"), and the offense denounced by the statute and with which the defendant is charged, is gambling for a living. It is immaterial, therefore, for the purposes of the charge, whether any game is specified, or, if specified, what game, since any game may be played for money or other stakes, thus making it "gambling," and, when the gambling is carried on as a means of livelihood, it falls within the ban of the statute and becomes the offense denounced by it.

We are therefore of opinion that the trial should proceed. It is accordingly ordered, adjudged, and decreed that the alternative writ of mandamus herein issued be now made peremptory, and that the respondent judge be directed to entertain the charge made in the matter of City of Shreveport v. A. C. Bowen, No. 202 of the docket of his court, and proceed with the trial.