The rules of law and evidence do not sustain her demand.

We are constrained in our view of this case to affirm the judgment of the lower court.

It is affirmed.

---

(42 South. 644.)

No. 15,919.

TOWN OF RUSTON v. FOUNTAIN.

(Nov. 26, 1906.)

1. COURTS—SUPREME COURT—JURISDICTION.
　　The Supreme Court has jurisdiction of cases where the legality or constitutionality of a fine imposed by a municipal corporation is in contestation, as well as of cases where an ordinance or law of the state has been declared unconstitutional.

2. SAME.
　　Where a fine has been imposed under a municipal ordinance, our appellate jurisdiction is confined to an examination into and determination of its alleged illegality and unconstitutionality. All other questions are reviewable by appeal to the district court.

3. INTOXICATING LIQUORS—"BLIND TIGER"—ORDINANCE—CONSTITUTIONALITY.
　　"Blind tiger" ordinance construed to have but one object—that is, the suppression of places where intoxicating liquors are sold or kept for sale—and, as thus construed, held to be legal and constitutional.

　　Breaux, C. J., dissenting.

　　(Syllabus by the Court.)

Appeal from Mayor's Court of Town of Ruston; J. L. Bond, Judge.

Action by the town of Ruston against Monroe Fountain. Judgment for plaintiff, and defendant appeals. Affirmed.

Holstead & Atkinson, for appellant. Price & Roberts, for appellee.

On Rehearing.

LAND, J. We are satisfied that the appeal in this case was improvidently dismissed, since the constitutionality and legality of a fine imposed by a municipal corporation is in contestation. Const. 1898, art. 85. This court has also jurisdiction in cases where a municipal ordinance or law of this state has been declared unconstitutional. Id. This court has jurisdiction of both classes of cases, and there is no conflict between them. Town of Ruston v. Perkins, 114 La. 851, 38 South. 583.

The defendant was charged with "violating Ordinance No. 15 of the town of Ruston, La., bootlegging and selling intoxicants within the corporate limits" of said town. Defendant was arraigned and pleaded not guilty, and the case was continued to November 27, 1905. When the case was called for trial, the defendant filed a motion to quash the charge on the following grounds, viz.:

"The charge does not describe any offense known to the law of the town or described under Ordinance No. 15; and Ordinance No. 15, under which he is charged, has for its purpose more than one object, and is therefore null, and said Ordinance No. 15 has never been promulgated, and is therefore not enforceable; and the town council has no jurisdiction or authority at law to make rules of evidence or to take from accused persons the presumption of innocence which the Constitution guaranties to every citizen, and the ordinance making the possession of intoxicating liquors prima facie proof of guilt, and the ordinance as a whole, is unreasonable and oppressive. And for all these reasons the charge against defendant and the ordinance is illegal, unconstitutional, null, and void."

This motion was overruled, and the defendant was tried, found guilty, and sentenced to pay a fine of $100, and in default of payment to work 30 days on the public

streets. The record contains no bill of exception or statement of facts.

We find in the transcript a copy of Ordinance No. 15, and an admission that Act No. 136, p. 224, of 1898, is the charter of the town of Ruston.

Our appellate jurisdiction is confined to an examination into and determination of the alleged illegality and unconstitutionality of the ordinance. State v. Callac, 45 La. Ann. 27, 12 South. 119; State v. Marshall, 47 La. Ann. 646, 17 South. 202; State v. Zurich, 49 La. Ann. 447, 21 South. 977; State v. Hohn, 50 La. Ann. 432, 23 South. 966; State v. Faber, 50 La. Ann. 952, 24 South. 662; Gibbs v. Atkins, 110 La. Ann. 197, 34 South. 411.

On other questions of law, and on issues of fact, defendant's remedy was by appeal to the district court.

The objection that the ordinance was never promulgated is not supported by any evidence in the record.

The objection that the council was without power to make rules of evidence is academic, as the record does not show that the defendant was convicted merely on evidence of possession of intoxicating liquors.

The last objection is that Ordinance No. 15 has more than one object, in contravention of section 33 of Act No. 136, p. 238, of 1898. The title of the ordinance reads as follows:

"For the suppression of what is commonly known as the 'Blind Tiger' in the town of Ruston and fixing penalties."

The first section declares the blind tiger to be a public nuisance. The second section defines the blind tiger to be "any house, storeroom or any other place where intoxicating liquors are kept illicitly, or kept for purpose of sale, barter, exchange, trade or giving away as a beverage, or where it is allowed to be drank on the premises," and declares all such places to be public nuisances. The same section also denounces the penalty of fine or imprisonment against the owner, lessee, and occupants of the premises, as well as against "the party in possession and the owner of the intoxicating liquor." The third section provides for search warrants for intoxicating liquors, for the arrest and trial of all persons connected with the premises in which illicit sales of such liquors are carried on, and for their punishment as prescribed in section 2 of the ordinance. The third section also provides for the abatement of the nuisance of blind tiger by order of the mayor. The fourth section makes the finding of intoxicating liquors in the searched premises, or in possession of any person, prima facie evidence of the guilt of the owner, keeper, or lessee of said premises, or of the persons upon whom or in whose possession the illicit goods are found, "that it is for illicit purposes and for maintaining a public nuisance." This section, as copied in the record, adds, "and suffer the penalties as provided in section 2 of this ordinance."

It is argued by defendant's counsel that section 4 creates a distinct offense, by providing for the conviction of a person who merely is found with intoxicating liquors in his possession.

The whole ordinance is badly expressed, and there seem to be some words omitted in the last clause of section 4. All of the provisions of the ordinance must be construed together, and particular expressions read in the light of the context.

The object of the ordinance is to suppress the "blind tiger," which lexicographers define as "a place where intoxicants are sold on the sly." See Standard Dictionary, verbo.

The second section of the ordinance defines the word as a place where intoxicating liquors are kept for sale, barter, exchange, etc., and such premises are declared to be a nuisance.

Section 3 provides for the searching of houses, stores, and other places under a warrant issued on affidavit of good reasons for

the belief that intoxicating liquors are being illicitly kept on the premises. Section 4, in laying down a rule of evidence, refers to such liquors "found in the searched premises or in possession of any person." Section 2 makes not only the owner, lessee, or other occupant responsible for the nuisance, but also "the party in possession and the owner of the intoxicating liquor." Sections 2 and 4 refer to persons connected with the premises, for it would be absurd to hold a stranger to the premises responsible for a nuisance.

Counsel for defendant state in their brief that he was convicted and sentenced on the bare circumstance that he had a small quantity of whisky on his person while walking the streets of Ruston. We have no jurisdiction over the facts, and no means of knowing them, but will suggest that for a conviction contrary to the evidence the defendant had adequate remedy by appeal to the district court.

In our opinion the ordinance in question, properly interpreted, is neither illegal nor unconstitutional, and the judgment appealed from is therefore affirmed.

BREAUX, C. J., dissents.