NICHOLLS, J.
Defendant was convicted by the city court of the city of Lake Charles of having on the 23d of February, 1909, willfully, maliciously, and unlawfully gambled at cards for money in a private clubroom in the second story of a certain described back building on Ryan street within the corporate limits of the city of Lake Charles; said building being formally known as the “Lake City Saloon.” Defendant moved to quash the affidavit and to be discharged without delay on the grounds that the ordinance under which the affidavit was drawn was null and void and ultra vires, contrary to the Constitution and laws of the state, and contrary to the Constitution and laws of the United States of America, in this:
(1) That said Ordinance No. 146 of the city of Lake Charles, parish of Calcasieu, state of Louisiana, is unconstitutional, null, and void, and ultra vires, for ihe reason that the city charter and amendments thereto nowhere grants the right of the city council of the city of Lake Charles to define gambling and does not grant said city the power to regulate, restrain, prohibit, and suppress any game at cards that has not been declare^ a gambling game by the general laws of the state of Louisiana, or of some special statute delegating to the city of Lake Charles the power and authority to define the game alleged in said affidavit to be. a gambling game.
(2) And for the further reason that the caption of said ordinance contains more than one object.
(3) For the reason that the Legislature of the state of Louisiana has never defined playing at a game of cards in a private clubroom not in view of a street or highway or upon the same to be gambling.
(4) For the further reason that under 'the Constitution of the state of Louisiana that the Legislature of said state is- the only power that can define what shall constitute gambling in said state.
(5) That for the further reason that under article 188 the Constitution of the year A. D. 1898 of the state of Louisiana the Legislature is declared to be the only power which shall pass laws to suppress gambling and define the same.
(6) For the further reason that there is no general law of the state of Louisiana which prohibits playing cards for money an unlawful offense, nor is there any general law of the state of Louisiana which defines the playing at a game of poker an unlawful offense.
(7) For the further reason that this court is without jurisdiction to try said cause or to entertain said affidavit other than as an examining magistrate, and cannot convict and fine or imprison said defendant, as its only powers in criminal matters under the Constitution of the state of Louisiana are those of a committing magistrate, and that this court has no power to try said case without a jury composed of not less than three nor more than five persons.
(8) And for the further reason that the Ordinance 146 of the city of Lake Charles, providing a penalty for the playing at a game with cards as is charged in said affidavit to be assessed in the city court of said city, is unconstitutional, null, and void, and ultra vires, for the reason that said city court has no authority to try the same.
In view of the premises, he prayed that said affidavit be quashed, and that he be discharged and go hence without day.
The motion,, was .overruled, and defendant *173 after trial was convicted and sentenced. He has appealed.
The ordinance of the city of Lake Charles for the violation of which defendant has been convicted was one—
“Prohibiting gambling at cards, dice or other contrivances for money or anything of value or the representative thereof, in any saloon or grogshop, in any room connected with the same, in any public or private clubrooin, in any store, in any hotel or on the streets — sidewalks, open lots, or in any place where the public is admitted within the corporate limits of the city of Lake Charles, Louisiana, prescribing penalties for the violation of the provisions thereof, and repealing all ordinances or part of ordinances on the same subject matter except those relating to gambling by minors and the playing of the game of craps.”
The first section of the ordinance declares that it is ordained by the city council of the city of Lake Charles that whoever shall gamble at cards, dice, -or other contrivance for money or anything of value or the representative thereof or other consideration whatever shall, upon conviction thereof, be fined not less than $1 nor more than $25, and, in default of payment, shall be imprisoned not less than 10 days nor more than 30 days, or shall be both fined and imprisoned, as above provided, at the discretion of the mayor.
There is no legal objection on account of the title. The ordinance does not deal with any double subject-matter or object. Callaghan v. Alexander, 52 La. Ann. 1013, 27 South. 540.
The constitutionality of the ordinance- has already been affirmed by this court in the matter of the city of Lake Charles v. Roy et al., 115 La. 939, 40 South. 362. The same question has been presented to this court in Ruston v. Perkins, 114 La. 851, 38 South. 583, and similarly decided. The questions at issue were not new, but had been examined into and passed upon substantially in City of New Orleans v. Turpin,, 13 La. Ann. 56; State v. Foureade, 45 La. Ann. 718, 13 South. 187, 40 Am. St. Rep. 249; State v. Dobard, 45 La. Ann. 1412, 1413, 14 South. 253; City of Monroe v. Hardy, 46 La. Ann. 1232, 1233, 15 South. 696; City of New Orleans v. Collins, 52 La. Ann. 977-979, 27 South. 532, and City of Shreveport v. Bowen, 116 La. 522, 40 South. 859. In Town of Ruston v. Perkins, 114 La. 851, 38 South. 583, this court said:
The framers of the Constitution in drafting article 188 of that instrument “did not intend to withdraw from the Legislature the faculty it had theretofore possessed of delegating to the municipalities of the state the duty and the power to suppress gambling and not alone from the text of the article but also from its history .we know there was no intention to restrain the Legislature in the exercise of their prerogative. * * * Far from violating either the letter or the spirit of article 188, it is strictly in line with both. The article requires the Legislature to pass laws for the suppression of gambling.. In obedience thereto, the Legislature passed this law which in its operation seems to be suppressing gambling with a vengeance.”
In City v. Bowen, 116 La. 523, 49 South. 859, it was claimed that the affidavit charged no violation of the laws of the state for the reason that the game of draw poker had not been declared to be gambling, and that a person who makes a living by playing at the game of draw poker was not a vagrant within the terms of the city ordinance. This court said:
“The ordinance ordained that ‘all persons answering any of the following descriptions are hereby declared to be vagrants: * * * All persons who live by gambling,’ etc.
“The ordinance was adopted in obedience to Act No. 178 of 1904, which reads in part as follows: ‘The several municipal corporations throughout the state shall adopt ordinances d«daring vagrants and punishing as such all pevsons who live by gambling,’ etc.
“The question is whether it is necessary in order to bring the acts or course of conduct with which,the defendant is charged within the meaning of the statutes and the ordinance that the game of draw poker should be specifically declared to be of necessity gambling. IVe have no hesitation in answering the question in the negative. There is no law in the state which undertakes by enumeration or otherwise to define gambling, and it would be a work of supererogation to do so for the purposes of the question here presented; for, while there may be some difference of opinion as to some exceptional case and as to whether this or that is a banking game,, it is a matter of common knowledge concerning which there can be no *175 doubt or dispute that draw poker is a gambling game, pure and simple, more widely recognized as such than any other game known to the American people. But to gamble is ‘to play or game for money or other stakes’ (Web. Int. Dictionary, verbo ‘Gamble’), and the offense denounced by the statute and with which the defendant is charged is gambling for a living. It is immaterial, therefore,, for the purposes of the charge whether any game, is specified, or, if specified, what game, since any game may be played for money or other stakes thus making it ‘gambling,’ and, when the gambling is carried on as a meáns of livelihood, it falls within the ban of the statute, and becomes the offense denounced by it.”
In the case before ns the city council of ' Labe Charles did not attempt to define “gambling.” That word had at the time a well-understood légal as well as popular meaning. It denounced “gambling” generally as a crime, and made it punishable as an act well understood as it was in fact. The Constitution itself acted on the same basis. It declared gambling to be a vice, and declared that the Legislature should enact laws to support it without any explanation as to what that term covered. The Legislature needed no specific definition as to what it was made its duty to suppress. The people of the state could not he misled by a legislative act prohibiting gambling in general terms, and making it punishable as a crime. The Legislature had repeatedly enacted statutes making criminal acts by reference to the names attached by common knowledge to the acts denounced, and the statutes have been upheld. State v. Maloney, 115 La. 514, 39 South. 539, illustrates that statement.
Appellant urges before us that the city court of the city of Lake Charles had under the Constitution no jurisdiction other than as committing magistrates and cannot try a person for violation of a city ordinance and that the court could not try this case without a jury of not less than three nor more than five.
The city court of the city of Lake Charles was created by Act No. 51 of 1902.
We do not think that the legality of its creation and its jurisdiction are, properly matters to be decided by us on this appeal.
For the reasons herein assigned, it is hereby ordered, adjudged, and decreed that the judgment appealed from be, and the same is hereby, affirmed.