(53 South. 53.)

No. 18,281.

TOWN OF WINNFIELD v. GRIGSBY.

(June 20, 1910.)

*(Syllabus by the Court.)*

1. MUNICIPAL CORPORATIONS (§ 110*)—ORDINANCE—TIME OF TAKING EFFECT.

The town of Winnfield was without authority to enact an ordinance declaring a certain act unlawful and making the ordinance

126 LA.—30

having effect from its passage without publication or notice and assigning no cause for so doing. A prosecution based upon such ordinance for an act alleged to have been committed two days after the passage of the order is set aside.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 239–244; Dec. Dig. § 110.*]

*(Additional Syllabus by Editorial Staff.)*

2. SUNDAY (§ 1*)—"SABBATH"—"SUNDAY."

By common usage the terms "Sabbath" and "Sunday" are used indiscriminately to denote the Christian Sabbath; that is, Sunday. "Sabbath day" is synonymous with "Sunday" (quoting Words and Phrases Judicially Defined, vol. 7, p. 6281).

[Ed. Note.—For other cases, see Sunday, Cent. Dig. § 1; Dec. Dig. § 1.*]

Appeal from Mayor's Court of Town of Winnfield; W. F. Cooper, Mayor.

Frank T. Grigsby was convicted of violating an ordinance of the Town of Winnfield, and appeals. Reversed, and prosecution dismissed.

Julius T. Long, for appellant. Mathews & Gamble, for appellee.

Statement of the Case.

NICHOLLS, J. On the 6th of May, 1910, the mayor and board of aldermen of the town of Winnfield, under the title of "An ordinance to prohibit the desecration of the Sabbath day by playing the game of baseball, basket ball, or football or any other game of similar character within the town of Winnfield and providing the penalty for its violation," adopted the following ordinance.

"Section 1. Be it ordained by the mayor and board of aldermen of the town of Winnfield in regular session convened that whoever shall be engaged in the playing or participate in the playing or in any way aiding and assisting in the playing a game of baseball, basket ball or football, or any other game of similar character within the town of Winnfield on Sunday shall be guilty of a misdemeanor. The playing of said games on Sunday within the town of Winnfield being prohibited and suppressed as being a desecration of the Sabbath day.

"Sec. 2. Be it further ordained that whoever shall violate section 1 of this ordinance upon

conviction thereof, shall be fined in the sum of not less than five dollars, nor more than ten dollars or be imprisoned for a period of not exceeding thirty days or both at the discretion of the mayor.

"Be it further ordained that this ordinance shall take effect from and after its passage. That all ordinances in conflict herewith shall be and the same are hereby repealed."

On the 9th of May, 1910, an affidavit was made before the mayor of the said town charging:

"That Frank T. Grigsby in the town of Winnfield on the 8th of May, 1910, did then and there participate in playing a game of baseball on Sunday in a baseball park in the town of Winnfield, La., contrary to ordinance No. 133 of said town of Winnfield."

On the same day the defendant filed a motion to quash the affidavit and to have the charge against him dismissed on the following reasons:

First. That ordinance No. 133 of the town of Winnfield, which defendant is charged with violating, is illegal and unconstitutional for the reason that the word "Sabbath" used in paragraph 26 of section 15 of Act 136 of 1898 does not mean Sunday, and is therefore too vague and indefinite to base a criminal prosecution upon.

Second. That the ordinance is illegal and unconstitutional for the reason that the above-mentioned paragraph of law does not empower the mayor and board of aldermen to prohibit the playing of baseball generally within the corporation of the town of Winnfield on Sunday.

Third. That there is no law of the state of Louisiana, nor any authority delegated by it to municipal corporations, which authorizes the suppression of the playing of baseball, or any other game of similar character, on Sunday; that the provisions of Act 136 of 1898 which give municipal corporations power to prevent "the desecration of the Sabbath day" do not define what acts constitute the crime, leaving it too doubtful to base a criminal prosecution upon.

Fourth. That in so far as paragraph 26 of section 15 of Act 136 of 1898 attempts to give municipal corporations the power to punish those who desecrate the Sabbath day it is in conflict with the Constitutions of the United States and the state of Louisiana.

Fifth. That the said ordinance was passed only two days before defendant is alleged with having violated it, and, not having been published a sufficient length of time, has not become enforceable. That the said ordinance neither declares the game of baseball or other similar games to be a nuisance, nor sets up anything which would make it a nuisance or a "desecration of the Sabbath day."

Sixth. That the ordinance was passed solely for the purpose of compelling persons to observe the Christian Sabbath in accordance with the interpretation placed upon the Bible by the pastors of the Methodist and Baptist churches, who were present and made speeches at the time of the passage of the ordinance.

The defendant's motion was taken up and tried on a written statement of facts, which is in the records, and is substantially as follows:

It was admitted that ordinance 133 of the town of Winnfield, which defendant is charged with violating by playing baseball on Sunday, has never been published in a newspaper nor posted in any public place in the town; that it was enacted on May 6, 1910; that John H. Mathews is attorney for the town of Winnfield and is one of its board of aldermen, and served in both capacities at the time the said ordinance was enacted.

It was admitted that:

"Defendant is not charged with disturbing the peace, nor any public worship or meeting, but is charged with playing baseball within an inclosed park situated within the limits of the town of Winnfield on Sunday, May 8, 1910, between the hours of 2 and 4 p. m.; that the town of Winnfield is incorporated under Act No. 136 of 1898 of the state of Louisiana; that admission fees are charged and collected at the park in ques-

tion, the average gate receipts on Sunday being about $35.

"The motion was overruled. The defendant was then tried and found guilty of violating the said ordinance, and fined the sum of $5 and costs, and in default of paying fine and costs to be imprisoned in the town prison a period of 10 days. From this sentence defendant prosecutes his appeal."

The following propositions are advanced by the state in its brief as supporting the judgment of the court appealed from:

(1) It is well established in wisdom, experience, and science that it is essential to keep one day in seven for rest and relaxation in order to secure the comfort, happiness, and health of the people. That this result may be accomplished it is within the scope of the police power conferred on the state Legislature to enact laws, which will, as nearly as possible, preserve one day in seven as the day for rest and relaxation, merely as a civil institution. This power carries with it and includes the power to designate the day. The validity of such a law is not to be questioned because in the exercise of a wise discretion the Legislature has chosen that day which the majority of the inhabitants of the state under the sanction of their religious faith already voluntarily observe as a day of rest. State ex rel. Walker et al. v. Judge of Section A, 39 La. Ann. 132, 1 South. 437; Hennington v. State of Georgia, 163 U. S. 298, 16 Sup. Ct. 1086, 41 L. Ed. 166.

(2) If the subject-matter of an ordinance falls within the scope of the powers delegated to the municipality, it is not necessary to give validity to the exercise of the power by the municipality that the state itself should have acted upon the identical matter which is covered by the ordinance. City of New Orleans v. Collins, 52 La. Ann. 973, 27 South. 532.

(3) Where the state has enacted prohibitive laws on a given subject-matter, and has also delegated the power to municipalities to legislate on the same subject-matter, the municipality is not, in that case, limited to the identical things and acts which the state law prohibits and no more. If the things or acts prohibited by the ordinance are clearly referable to the subject authorized, the ordinance is valid, it makes no difference whether the state law on the same subject prohibit the identical things or acts included in the ordinance or not. Town of Ruston v. Perkins et al., 114 La. 851, 38 South. 583.

(4) The mayor and board of aldermen of every city, town, and village shall have power to restrain, prohibit, and suppress desecration of the Sabbath day. Subdivision 26, § 15, of Act 136 of 1898.

(5) For cause, ordinances may take effect from and after their adoption when so expressed in the ordinances, without publication or posting. Section 33 of Act No. 136 of 1898.

(6) By common usage the terms "Sabbath" and "Sunday" are used indiscriminately to denote the Christian Sabbath; that is, Sunday. "Sabbath day" is synonymous with "Sunday." Words and Phrases Judicially Defined, vol. 7, p. 6281.

The appellant, on the other hand, contends that:

(1) An ordinance of a municipal corporation which shows and expressly declares that its purpose is "to prohibit the desecration of the Sabbath day by playing the game of baseball, basket ball or football or any other game of similar character, within * * * such a corporation," and providing the penalty for its violation, is in direct conflict with the Constitutions of the state of Louisiana and the United States, and is therefore, null, and void. State v. Judge of Section A, 39 La. Ann. 132, 1 South. 437.

(2) Municipal corporations existing under Act 136 of 1898 have not been given authority by any law of the state of Louisiana to prohibit the playing of baseball, or other

similar games, within their respective limits on Sunday or any other day.

(3) A municipality must have express powers to fine and imprison, and is thus restrained from entering the field of general legislation. Marr's Criminal Jurisprudence, p. 278; Cyc. vol. 28, pp. 365, 693, 670; Amer. & Eng. Ency. vol. 21, p. 948; Barnett v. Denison, 145 U. S. 135, 12 Sup. Ct. 819, 36 L. Ed. 652.

(4) It is therefore acknowledged by textwriters, supported by abundant authority, that a municipal corporation has no right to enforce obedience which it has the power to pass, by fine or imprisonment or other penalty, unless that right has been unquestionably conferred by the lawgiver, for this is inflicting a punishment for the commission or omission of an act declared an offense, a prerogative which as a rule appertains to the sovereign only. State of Louisiana v. George L. Bright, 38 La. Ann. 1, 58 Am. Rep. 155; State v. Zurich, 49 La. Ann. 453, 21 South. 977.

(5) Paragraph 26 of section 15 of Act 136 of 1898, which attempts to give municipal corporations power to prohibit "the desecration of the Sabbath day," is without a law or definition which sufficiently defines and explains what acts it would take to constitute "the desecration of the Sabbath day," or what day of the week "Sabbath" day is, and for this reason is too vague and indefinite to base a criminal prosecution upon.

(6) When the language used in the statute sufficiently and clearly indicates the legislative meaning and intent, these will be given liberal effect; but language of such an indefinite import as to leave absolutely uncertain what acts are within and what without the statutory provisions cannot operate as a valid criminal statute, for the determination and definition of the acts which are punishable as crime are purely legislative functions, which cannot·be delegated to or exercised by the judiciary without violating articles 16 and 17 of the Constitution. Therefore, to give force and effect to an ordinance which attempts to prohibit "the desecration of the Sabbath day," the judiciary is necessarily compelled to find what acts constitute a violation of the ordinance and to define what acts a municipality has the power to declare to be "the desecration of the Sabbath day." Marr's Crim. Jurisprudence, p. 45, § 24 (h).

(7) The word "Sabbath" carries with it a religious meaning, and it is not synonymous with Sunday. For the Christian Sunday is the "Sabbath"; but, for the Jew, Saturday is the "Sabbath." "Sunday" is the first of the seven days of a week, and, so long as used for the purposes of denoting a period of time, signifies to each and every one the same; but "Sabbath" is not a day of the week, and the word cannot be used legally for the purpose of denoting time. The word "Sabbath" signifies a day of worship. The law will not permit the Christian to compel the Jew nor the infidel to observe his Sabbath; neither will it permit certain denominations of the Christian church to pass laws or ordinances compelling persons to keep the day holy in accordance with the interpretation placed upon the Scriptures by such denominations.

(8) Paragraph 26 of section 15 of Act 136 of 1898 declares that municipalities have the power "to prohibit and suppress * * * games and gambling houses"; but the kind of games meant are those which have a demoralizing tendency and does not extend to mere athletic sports. To extend it to prohibit the playing of baseball would make this law illegal for the reason that it would be unreasonable as well as unconstitutional. St. Louis Agricultural, etc., Ass'n v. Delano, 108 Mo. 217, 18 S. W. 1101; Ex parte Neet, 157 Mo. 527, 57 S. W. 1025, 80 Am. St. Rep. 638.

(9) The provisions of clause 1, § 15, of Act 136 of 1898, which authorize municipalities

"to enact ordinances for the purposes hereinafter named, and such as are not repugnant to the law of the state," does not authorize the passage of an ordinance which prohibits the playing of baseball on Sunday, because such an ordinance would be repugnant to the laws of the state, and especially to Act No. 18 of 1886 (the Sunday law), which requires shops, stores, etc., to be closed on Sunday, expressly providing that the act does not extend to places of amusement. Neither does clause 13 of section 15 of Act 136 of 1898, which gives municipalities the right to pass ordinances for the purpose of good order and protection to property, authorize the passage of such an ordinance.

(10) Where a particular power is claimed for a municipal corporation, and particularly where private right is infringed or imperiled by a power claimed, any fair, reasonable doubt as to the existence and possession of the power will be resolved against the corporation and the power denied to it. 28 Cyc. 265.

(11) An ordinance which was passed only two days before its alleged violation, and has neither been published in any newspaper nor posted in three public places within the corporate limits, "shall not be enforced, unless for cause the contrary be ordained." Section 33 of Act 136 of 1898; 28 Cyc. 359.

There is one matter to which our attention has been called which meets us at the threshold upon the decision of which rests the legality of the judgment appealed from.

It is whether or not, at the time of the institution of this action, there was an enforceable ordinance upon which a prosecution could have been based. It is shown by the record that the ordinance was enacted on the 6th of May, 1910. It is admitted that it was not published in a newspaper nor posted in public places to make its passage known.

By its terms the ordinance was directed to take effect from and after its passage, though no cause is assigned for giving it (without publication and posting) immediate effect, while the state law directs that, in the absence of special reason therefor, it could not be put into force for a month after its passage. The act sought to be punished through the present proceedings was committed on the 8th of May, 1910, two days after the passage of the ordinance. We think, therefore, that the prosecution was predicated upon an ordinance which had not acquired the force of a law, and hence for an act which had not become an offense. This conclusion carries with it as a consequence a reversal of the judgment appealed from without passing upon the issues tendered to us for decision on the merits. The judgment appealed from is annulled, avoided, and reversed, and the prosecution is dismissed.

MONROE, J., concurs in the decree.