(63 South. 502.)

No. 20,098.

STATE v. WESTMORELAND.

(Nov. 17, 1913.)

*(Syllabus by the Court.)*

1. STATUTES (§ 120*) — TITLE AND SUBJECT-MATTER — MUNICIPAL ORDINANCES — VAGRANCY.

Act No. 205 of 1908, to empower municipal corporations and police juries to adopt ordinances declaring certain classes of persons to be vagrants, and punishing them as such, is not repugnant to the Constitution of 1898.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 168–172; Dec. Dig. § 120.*]

2. CONSTITUTIONAL LAW (§ 63*) — LEGISLATIVE POWER—DELEGATION.

The maxim that legislative power must not be delegated has no application to political subdivisions created for the purposes of local government.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 108–114; Dec. Dig. § 63.*]

Appeal from First Judicial District Court, Parish of Caddo; John R. Land, Judge.

An indictment, charging Mat Westmoreland with vagrancy, was quashed, and the state appeals. Reversed and remanded.

R. G. Pleasants, Atty. Gen., and W. A. Mabry, Dist. Atty. of Shreveport (G. A. Gondran, of Donaldsonville, of counsel), for the State. Scheen & Blanchard, of Shreveport, for appellee.

LAND, J. Defendant was indicted for vagrancy—

"contrary to the form of the statute of the state of Louisiana and the ordinances of police jury of Caddo parish, La., in such case made and provided, and against the peace and dignity of the same."

Defendant moved to quash the indictment on the following grounds:

First. That the police jury is without authority to pass an ordinance punishing him for the offense charged in the indictment.

Second. The ordinance under which the indictment was found is unconstitutional, null, and void, and the Legislature could not delegate to the police jury the power to legislate on the subject-matter.

The judge a quo, for the reasons assigned in a well-considered opinion, sustained the motion to quash, and declared the ordinance to be unconstitutional and illegal.

The district attorney excepted to the ruling. The state appealed.

[1] Act No. 205 of 1908 empowered the several municipal corporations and police juries of the respective parishes throughout the state to adopt ordinances declaring certain persons vagrants and punishing them as such within the limitations prescribed by the statute. Section 1 of the act describes the classes of persons who may be declared vagrants by such ordinances, section 2 prescribes the punishment that may be imposed, and section 3 provides how the prosecution shall be conducted.

The trial judge in his opinion cites State v. Baum, 33 La. Ann. 986, as decisive of the question of constitutionality involved in this case.

In the Baum Case, the court held that Act No. 84 of 1878 was unconstitutional because all the objects of the law were not expressed in its title. That was an act—

"to authorize police juries to make such regulations as they may deem proper to prohibit or regulate the sale, barter or exchange of intoxicating liquors or merchandise on Sundays."

It was further provided that violations of all ordinances passed and promulgated, in accordance with the provisions of the act, should be considered as misdemeanors, and the penalties fixed in such ordinances should be enforced by indictment or information in any court of competent jurisdiction. The court held that this *new* mode of enforcing police jury ordinances was not indicated in the slightest degree in the title.

This ruling disposed of the case; but the court proceeded to consider the further objection that the Legislature was without authority to delegate its powers of legislation in the manner and form set forth in Act 84 of 1878. The court sustained the objection for the following reasons, to wit:

"While the Legislature fails to prohibit, in the name of the state, the sale, etc., of liquors or merchandise on Sundays, it grants full power so to do to police juries in their parishes, and proffers the power of the state to champion the ordinances to that end which may be adopted by any police jury. In other words, the Legislature ingrafts a penal statute with a suspensive condition, to wit, the passage of certain ordinances by the various police juries of the state; and thus, under the practical operation, the state in its name, at the bidding of the police jury of East Baton Rouge, prosecutes a resident of that parish for the performance of an act which is not forbidden in the parish of St. James, wherein the identical resident of East Baton Rouge can do the same act with perfect freedom and with absolute immunity from any criminal prosecution in the premises."

Justice Todd dissented on both propositions.

Act 84 of 1878 conferred on police juries—

"full and plenary authority to make such regulations as they may deem proper in regard to the sale, barter or exchange of intoxicating liquors or merchandise on Sunday, and to totally prohibit the same on Sunday, if in their judgment necessary."

In 1878, there was no state Sunday law, and Act 84 of 1878 delegated to police juries the power to penalize the conduct of a legitimate business.

Act No. 205 of 1908 is an amendment to Act 178 of 1904, empowering municipal corporations to adopt ordinances declaring certain persons vagrants, etc. The amendment of 1908 was made for the purpose of including police juries, and is a general grant of power to both municipal corporations and police juries to adopt ordinances declaring and punishing the offense of vagrancy as defined by the statute. Vagrancy has been a state offense since 1855, and is denounced by section 3877 et seq. of the Revised Statutes of 1870. The power to arrest and punish vagrants and suspicious persons is usually conferred on all municipalities. This power was recognized and enforced in the case of City of Shreveport v. Bowen, 116 La. 522, 40 South. 859.

In State v. Harper, 42 La. Ann. 312, 7 South. 446, the police jury of Lincoln parish had not only passed an ordinance prohibiting retail sales of intoxicating liquors, but providing penalties for the violation of the ordinance. The court ruled that the power to affix such penalties had not been delegated by the statute, and, referring to the Baum Case, said:

"The act delegated full and plenary power to the police juries to make regulations for the sale of, or a prohibition of the sale of, intoxicating liquors on Sunday, and it was made an offense *against the state* for a violation of the ordinance passed in pursuance of said act." (Italics ours.)

Act 84 of 1878, thus construed, was an unwarranted delegation of legislative power to police juries. In the Harper Case the court further said:

"We do not intimate that the police juries are without power to enforce penalties for violation of ordinances passed in pursuance of the

authority vested in them for local police purposes."

Act No. 205 of 1908 empowers police juries to pass ordinances declaring certain classes of persons to be vagrants, and punishing them by a fine of not less than $10 nor more than $30, or by an imprisonment of not less than 10 days nor more than 30 days in the municipal or parish jails, or both, at the discretion of the court. The act further provides that prosecutions shall be conducted in the same manner as prosecutions for violations of municipal and parochial ordinances.

The difference between the provisions of Act 84 of 1878 and Act 205 of 1908 are so radical that the Baum and Harper Cases have no application. The sole question is whether the Legislature had the constitutional power to pass Act 205 of 1908.

[2] Defendant's counsel cites Cooley in support of the maxim that "legislative power must not be delegated." This maxim, like all general propositions, has its exceptions—

"and is to be understood in the light of immemorial practice of this country and England, which always has recognized the propriety and policy of vesting municipal organizations with certain powers of local regulation, in respect to which the parties immediately interested may fairly be supposed more competent, to judge of their needs, than any central authority." Cooley on Limitations, p. 138 (6th Ed.).

The delegations of legislative power to municipal corporations and other political subdivisions by the statutes of this state are too numerous to mention. A parish, like a city or town, is a subdivision for the purpose of local government. Both derive their powers from the Legislature. The question what police powers shall be conferred on the parish, or the city or town, is one exclusively for the determination of the Legislature.

If vagrancy be a nuisance in the city of Shreveport, it is no less a nuisance in other parts of the parish of Caddo.

Our conclusion is that Act No. 205 of 1908 is not violative of the Constitution of the state.

We note that Act No. 315 of 1908 authorizes police juries to enforce their ordinances by process of indictment or information, or by fine or forfeiture to be collected by civil proceedings before any court of competent jurisdiction.

It is therefore ordered that the judgment appealed from be reversed; and it is now ordered that this case be remanded, with instructions to the judge a quo to overrule defendant's motion to quash, and for further proceedings according to law.