## CARRIER, Appellant, *v.* BRANNAN, Respondent.

No action will lie to recover money lost at gaming.

Gaming debts have not been legalized by the operation of the act of the legislature licensing gaming houses.

The object of the legislature in passing the act was to control gaming within certain bounds, by imposing restrictions and burdens upon persons carrying on this kind of business.

The license simply operates as a permission, and removes the misdemeanor at common law, without changing the character of the contract.

APPEAL from the Superior Court of San Francisco.

This was an action brought to recover $17,000 and interest. The complaint contained a count for money lent and advanced by said plaintiff and one William Thompson and Gustave Martell to said defendant, another for money lost by said defendant, and won by said plaintiff, Thompson, and Martell, at a game called faro, and which defendant, then and there promised to pay, and which said sums of money so owing have by the said Thompson and Martell, been transferred to the plaintiff.

The defendant demurred to the complaint. The second count was the only one considered in the court below; and as to this, the cause of demurrer assigned was "that the debt set forth in said count was upon a consideration void in law, and does not constitute a legal cause of action against the defendant to be enforced in this court, and that this court has no jurisdiction of the subject of the action as set forth in said count." And defendant further says "that the said debt as therein set forth could not be assigned by the parties therein named to the plaintiff, whereby he could maintain an action in his own name for the recovery thereof."

The court sustained the demurrer, and gave judgment for defendant for costs, &c. Plaintiff appealed.

*Lockwood,* for appellant,

Contended that such wager is not illegal at common law, and so far from being prohibited by statute, it is tacitly recog-

nized, and allowed by the acts imposing a tax on such games, and urged that the case of Bryant *v.* Mead, 1 Cal. Rep., was not law, and cited 3 Durnford & East, 693; 3 Eng. Law & Eq. 39; 5 Burrow, 2802; 2 Chit. Plead. 234; 4 Black. Com. 177.

MURRAY, Chief Justice, delivered the opinion of the court. HEYDENFELDT, Justice, concurred.

The plaintiff brought suit for the recovery of money lost at play in a common gaming-house.

This court decided, in the case of Bryant *v.* Mead, 1 California Reports, that no action would lie at common law to recover debts of this character. This has ever since been regarded as the settled law of the State upon this subject, and we feel no disposition to disturb or question the propriety of that decision. It needs no authority or arguments to satisfy this court that the practice of gaming is vicious and immoral in its nature, and ruinous to the harmony and well-being of society. Neither do we think that gaming debts have been legalized by the operation of the act of the legislature licensing gaming-houses.

The legislature, finding a thirst for play so universally prevalent throughout the State, and despairing of suppressing it entirely, have attempted to control it within certain bounds, by imposing restrictions and burdens upon persons carrying on this kind of business. The license simply operates as a permission, and removes or does away with the misdemeanor which existed at common law without changing the character of the contract.

To believe that the legislature had any other intention in the passage of this act, would be as unjust to them, as it would be humiliating to the courts to enforce it.

Judgment affirmed.

[The case of Davis, appellant, *v.* Goodman et. al., was decided at this term, and as it came within the rule laid down in the preceding case, no further report of it is deemed necessary.]