LLOYD v. ROBINSON.

(Court of Civil Appeals of Texas. Amarillo. Oct. 18, 1913.)

1. VENUE (§ 8*) — COUNTY OF DOMICILE — FRAUD.

Where defendant, a resident of W. county, was induced, while intoxicated and "doped" by plaintiff to gamble and execute the checks in question for money lost in T. county in gambling while intoxicated, his act in stopping payment on the checks by telephone from T. county was not fraudulent so as to give the justice's court in T. county jurisdiction of an action for the amount of the checks, under Rev. Civ. St. 1911, art. 1830, subd. 7, providing that no person shall be sued out of the county of his domicile, except in cases of fraud, when suit may be brought in the county in which the fraud was committed, since defendant in stopping payment on the checks was merely attempting to prevent the consummation of a fraud upon himself.

[Ed. Note.—For other cases, see Venue, Cent. Dig. § 17; Dec. Dig. § 8.*]

2. CONTRACTS (§ 137*)—LEGALITY.

The whole consideration of a contract is void if any part thereof is illegal, and it is immaterial whether the illegality is a violation of statute or of the common law.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 701–712; Dec. Dig. § 137.*]

3. GAMING (§ 19*)—CHECKS FOR GAMBLING—STOPPING PAYMENT.

Checks given for money to be used in gambling cannot be collected as between the drawer and payee, so that payment of such checks may be stopped by the drawer.

[Ed. Note.—For other cases, see Gaming, Cent. Dig. §§ 39–43; Dec. Dig. § 19.*]

Appeal from Tarrant County Court; Charles T. Prewett, Judge.

Action by W. M. Robinson against Coke Lloyd. From a judgment for plaintiff, defendant appeals. Reversed and remanded, with instructions.

A. J. Clendenen, of Ft. Worth, for appellant. Baskin, Dodge & Eastus, of Ft. Worth, for appellee.

HALL, J. In the month of August, 1911, appellant, Lloyd, shipped cattle from his home in Wise county to Ft. Worth in Tar-

rant county. After the sale of the cattle he proceeded to appellee's saloon, where he claims he became intoxicated, and the testimony is undisputed that he was so drunk he had very little recollection of the amount of money which he expended in the saloon and which he lost in a game of poker in a room over the saloon. This suit was instituted in the justice court of precinct No. 1 of Tarrant county, by appellee, to recover of appellant the sum of $165, being the aggregate amount of three checks drawn by appellant on the First National Bank of Decatur, Tex., and delivered to appellee. Appellant testifies, and it is not denied, that the money obtained on these three checks, in addition to $60, which appellant had when he first went to appellee's saloon and gambling den, was all lost in the Saturday night game of poker, except $10, which appellee let him have on a check, and which appellant paid to a doctor who attended him while he was recovering from the effects of the liquor and "dope" which appellant claims was administered to him in appellee's saloon, and which is not denied. It is not denied that at the time the checks were given appellant fully intended that they should be paid by the drawee bank in Decatur, and it seems his condition as to sobriety was such at the time that he was incapable of committing a fraud, if such had been his original intention. Appellant alleged his residence to be in precinct No. 6, Wise county, Tex., and negatived all the exceptions which under the venue statute would have given the justice court of Tarrant county jurisdiction of his person. His plea was sustained by uncontroverted testimony. Appellee alleged as follows: "That defendant, after delivering said checks, has stopped payment of them, and is denying liability thereon, and thereby attempting to defraud plaintiff, to his damage in the sum of $165; that after executing and delivering said checks, the defendant, while in Ft. Worth, Tarrant county, by a telephone message sent by his authority to the First National Bank of Decatur, stopped the payment of said checks, and thereby attempted to and did commit a fraud against plaintiff in Tarrant county, Texas."

[1] These allegations are insufficient to charge such fraud as would give the justice court of precinct No. 1 of Tarrant county jurisdiction of the person of appellant, under subdivision 7, art. 1830, R. S. 1911. The pleadings and evidence in this case disclose that a fraud had been perpetrated upon appellant, in that he had been induced, while intoxicated, to engage in an unlawful game with cards; that the money obtained upon the checks has been lost in such game, but that he had no intention to stop payment of the checks at the time they were executed. Subsequently, when informed by a friend

that he had been robbed, he procured his friend to phone the bank to' refuse payment of them. This was not a fraudulent act on his part, but was an attempt to prevent the consummation of a fraud which he alleged had theretofore been perpetrated upon him.

[2] The rule in this state is, if any part of the consideration for a contract is illegal, the whole consideration is void, and public policy will not permit the enforcement of such a contract as between the parties, it matters not whether the consideration is illegal because it consists in some act prohibited by a statute, or because it violates some rule of the common law. Seeligson v. Lewis & Williams, 65 Tex. 215, 57 Am. Rep. 593.

[3] A note given for money to be used in gambling cannot be collected as between the maker and payee if such defense is interposed, and the checks in question stand upon the same footing. It is no more fraudulent to stop the payment of such checks than it is to plead and prove the illegality of the contract in a suit upon the note.

The county court erred in overruling the plea of privilege, and the judgment is reversed and the cause remanded, with instructions to the county court of Tarrant county to enter an order sustaining the plea of privilege, change the venue of the suit, and transfer the case to the justice court of precinct No. 6 of Wise county, Tex.

Reversed and remanded, with instructions.