### WRIGHT et al. v. SHIPMAN et al. *
(No. 9702.)

(Court of Civil Appeals of Texas. Dallas. Dec. 12, 1925. Rehearing Denied Jan. 16, 1926.)

1. Execution ⚛171(3)—Requirement that injunction to stay execution be returned to court rendering such judgment held not applicable to judgment, void on its face.

Rev. St. 1925, art. 4656, requiring writ of injunction to stay execution on a judgment to be returned to and tried in the court where such judgment was rendered, does not apply to a void judgment, where such fact appears either on the face of the judgment or from an examination of the record.

2. Execution ⚛171(3)—When determination of validity of judgment involves resort to evidence aliunde, court pronouncing judgment has exclusive power to entertain injunction to stay execution upon such judgment.

When determination of validity of judgment involves resort to evidence aliunde, court pronouncing such judgment has exclusive power to entertain injunction suit to stay execution upon such judgment, in view of Rev. St. 1925, art. 4656.

3. Judgment ⚛501—Erroneous application of law by trial judge to merits of case renders judgment voidable, not void.

Erroneous application of law by trial judge to merits of case renders judgment voidable, not void.

4. Judgment ⚛501—Voidable judgment is immune to collateral attack.

Until an erroneous judgment is legally determined to be voidable, and the judgment is set aside, it must be given full force and effect, and is immune to a collateral attack, and its processes and writs must be respected.

5. Judgment ⚛101(1)—Party securing judgment by default is bound by allegations of petition.

Party securing judgment by default is bound by allegations of petition.

6. Judgment ⚛18(2)—Judgment on petition not stating cause of action is void.

Judgment, based on petition not stating cause of action, is void.

7. Judgment ⚛123(1)—Whether pleader stated correct conclusion from facts alleged was question for court's determination when judgment was entered.

Whether pleader stated correct conclusion from facts alleged was question for court's determination when judgment was entered.

8. Judgment ⚛501—That record, in injunction suit, disclosed conditions making judgment of district court voidable, did not give another district court jurisdiction of injunction suit to stay execution on such judgment.

That record, in injunction suit, disclosed conditions making a judgment of district court voidable, did not give another district court jurisdiction of injunction suit to stay execution on such judgment, in view of Rev. St. 1925, art. 4656.

Appeal from District Court, Delta County; Newman Phillips, Judge.

Injunction suit by V. E. Shipman and others against G. G. Wright and others. Judgment for plaintiffs, and defendants appeal. Reversed and rendered.

John W. Pope and J. L. Zumwalt, both of Dallas, for appellants.

Harper & Harper, of Dallas, and B. B. Sturgeon, of Paris, for appellees.

JONES, C. J. This is an appeal from a judgment in the district court of Delta county, perpetually enjoining the execution of an order of sale issued out of a district court in Dallas county on a default judgment rendered in favor of G. G. Wright, receiver of the United Home Builders of America against V. E. Shipman, a resident citizen of Delta county, Tex., in the sum of $1,870.13, and the foreclosure of a deed of trust lien on certain real estate, also situated in said county.

The debt on which recovery was had in the

---

Dallas county suit was evidenced by promissory notes, payable in monthly installments, with V. E. Shipman as payer and the United Home Builders of America as payee. These notes were in extension and in lieu of a prior vendor's lien note that had been executed by Shipman in favor of a Delta county bank. At the time of the filing of said suit, appellant G. G. Wright was the duly appointed and acting receiver of the United Home Builders of America, and its estate was being administered under the direction of the said district court of Dallas county, and the suit in which said judgment was obtained against Shipman was instituted under authority of the said court.

, The suit in the district court in Dallas county, as against appellee Shipman, sought a recovery against him of the debt as evidenced by said notes, and a foreclosure of the deed of trust lien, and the allegations in the petition in this respect were sufficient for such purpose. It was, however, disclosed by said petition that the receiver was not in possession of the notes and that such possession was in John M. Scott, commissioner of insurance and banking of this state, under a claim that, because of his said official position, he was charged with a duty under the law to administer the estate of the United Home Builders of America, and said John M. Scott was made a party defendant in said suit.

The right of said Scott to the possession of said notes and to attempt to enforce their collection for the benefit of the stockholders in said United Home Builders of America was challenged by allegations in the said petition, because: (a) Said United Home Builders of America was not a corporation, and the statutory right asserted by said state official was restricted to corporations, and had no application to the instant case. (b) That the contract entered into between the United Home Builders of America and its members, and the manner in which its business with its members was conducted, including loans made, were illegal, in that it was a lottery, and no contract in furtherance of such business could be enforced, and was not, therefore, the character of business the statute authorized said banking commissioner to take charge of and wind up its affairs. The purport of this said contract is set out in the said petition as a basis for the charge that the said business was an illegal one. (c) In the alternative, if mistaken in either of these contentions, then the said John M. Scott, because of certain acts alleged to have been committed by him while acting in his official capacity in matters concerning the assets of the United Home Builders of America, had shown himself not a suitable person to perform the duties of trusteeship he was asserting the right to perform.

Answer was not made by appellee Shipman on appearance day of the term at which the said suit was returnable, and thereafter the said judgment by default was taken. Before the entry of this judgment, the suit as against John M. Scott was dismissed by the plaintiff receiver, and said judgment was entered against appellee Shipman as the only party defendant to said suit. After this said judgment had become final, an order of sale of the real estate on which the foreclosure was given was caused to be issued on said judgment by the said receiver, and delivered to the sheriff of Delta county for execution. Shipman thereupon filed this suit in the district court of Delta county, praying the immediate issuance of a temporary writ of injunction against the said sheriff and against the said receiver, and, upon final trial, for a perpetual injunction restraining said parties from executing said order of sale, and restraining G. G. Wright, as receiver, from causing any order of sale or execution or other process to issue on the said judgment. The temporary writ was at once issued, and, upon final trial, it was made perpetual, from which latter judgment this appeal is prosecuted.

This suit was filed and the judgment entered, on the theory that the judgment in the district court of Dallas county is void because of the allegations in the petition in the Dallas county suit that the business as conducted by the United Home Builders of America was a lottery, and that the proceeds of the notes on which recovery was had in said suit resulted directly from the conduct of such illegal business. It is admitted by appellee Shipman that, if the judgment of the district court of Dallas county is not shown by the record to be void, then the theory on which the judgment in this suit was secured, and on which theory it is attempted to be maintained in this court, is wrong. Appellants have duly perfected their appeal, and contend that this case should be reversed and rendered because the district court of Delta county was without jurisdiction to entertain this suit, for the reason that the right to determine whether the said judgment is void rests alone in the district court of Dallas county, a court of equal jurisdiction with the Delta county district court.

Article 4656, Revised Statutes 1925 (article 4653, Revised Statutes 1911), provides that—

"Writs of injunction granted to stay proceedings in a suit, or execution on a judgment, shall be returnable to and tried in the court where such suit is pending, or such judgment was rendered. * * * "

[1, 2] This statute has been frequently construed in this state in reference to this very question, with the result that it is now the settled law of this state that such statute has no application to a void judgment, provided such fact appears on the face of the judgment or from an examination of the record.

If evidence aliunde must be introduced to determine this fact, then the court pronouncing the judgment alone has power to try such a case as the one under consideration. McCamant v. McCamant (Tex. Civ. App.) 187 S. W. 1096; Ketelsen et al., v. Pratt Bros. et al. (Tex. Civ. App.) 100 S. W. 1172; Lutcher et al. v. Allen, 43 Tex. Civ. App. 102, 95 S. W. 574; Lester v. Gatewood (Tex. Civ. App.) 166 S. W. 392; Cotton v. Rhea, 106 Tex. 220, 163 S. W. 2; Green v. Galveston City Co. (Tex. Civ. App.) 191 S. W. 183; Hall v. Jackson, 3 Tex. 305–310; Kimmarle v. Railway Co., 76 Tex. 686–694, 12 S. W. 698; Glass v. Smith, 66 Tex. 550, 2 S. W. 195; Townsite Co. v. Hocker (Tex. Civ. App.) 176 S. W. 644.

[3-6] A judgment is not void because it may be shown that there was an erroneous application of the law by the trial judge to the merits of the case. Such judgment is voidable, but, until this is legally determined and the judgment is set aside, it must be given full force and effect, and is immune to a collateral attack, and its processes and writs must be respected. In a judgment by default, the party securing same is bound by the allegations of his petition, and, if such allegations do not state a cause of action, no judgment in favor of a plaintiff can be legally pronounced, and, if a judgment be entered on such a petition, it is void. Lloyd v. Robinson (Tex. Civ. App.) 160 S. W. 128; Seeligson v. Lewis & Williams, 65 Tex. 215–223, 57 Am. Rep. 593; Burney v. Blanks (Tex. Civ. App.) 136 S. W. 807.

Does the petition filed in the Dallas county case state a cause of action in favor of Wright, as receiver, and against Shipman? When the petition in the Dallas county suit is examined, it is seen that, in so far as such suit is directed against Shipman, there is alleged a good cause of action and one that authorized the entry of the judgment pronounced. It is true that in the allegations in the petition directed against defendant Scott, if the conclusion therein asserted from the facts alleged be correct, then the business conducted by the United Home Builders of America was an illegal business, and the contracts entered into in furtherance thereof are illegal, and cannot support an action in court to enforce their terms, either in favor of said United Home Builders of America, or its receiver.

[7, 8] Whether the pleader stated a correct or an incorrect conclusion from the facts alleged was for the court to determine at the time the judgment was entered. If the trial court erroneously determined this question, such error would not render the judgment pronounced void, or subject to the collateral attack attempted in this case. Therefore, even if we allow appellee's fullest contention that the allegations of the petition directed against Scott entered into and became a part of the cause of action alleged against Shipman, the Dallas county judgment is not void, and hence the Delta county district court had no jurisdiction to try and determine the issues presented to it by the filing of appellee's said petition. It is true that these allegations disclose that Scott is a necessary party, and, if this case came to us on the merits of the judgment of the Dallas county court, we might be warranted in holding that the judgment would have to be reversed because of want of a necessary party, still such question does not enter into this appeal and does not make this judgment void.

While the record may disclose conditions that would render the Dallas county judgment voidable, and that appellee may be entitled to some relief by reason of these facts, still this did not give the Delta county district court jurisdiction of the subject-matter of this suit. It is our opinion, therefore, that this case must be reversed and here rendered in favor of appellants.

Reversed and rendered.