### SHIPMAN v. WRIGHT.  (No. 9846.)

(Court of Civil Appeals of Texas.  Dallas.
June 26, 1926.)

1. **Judgment ⬀455—District court has jurisdiction of suit to vacate default judgment (Rev. St. 1925, art. 4656).**

District court *held* to have jurisdiction of suit to vacate default judgment, since it is directly attack on judgment and Rev. St. 1925, art. 4656, is inapplicable.

2. **Pleading ⬀214(1)—Petition to vacate default judgment held taken as true on demurrer.**

Allegations of petition to vacate default judgment must be taken as true on general demurrer.

Appeal from District Court, Dallas County;
T. A. Work, Judge.

Suit by V. E. Shipman against G. G. Wright, receiver, to vacate a default judgment. Judgment dismissing the suit, and plaintiff appeals. Reversed and remanded.

Harper & Harper, of Dallas, for appellant.

John W. Pope and J. L. Zumwalt, both of Dallas, for appellee.

LOONEY, J. Judgment by default was rendered in the Sixty-Eighth district court of Dallas county in favor of appellee against appellant. This suit was instituted by appellant to vacate the judgment on the grounds (a) that he was not negligent in failing to file answer before the judgment by default was taken; and (b) that he had a meritorious defense to the alleged cause of action. The trial court sustained a general demurrer to the petition of appellant, and dismissed the suit from which this appeal is prosecuted.

The judgment attacked, and the facts giving rise to the controversy, fully appear in the case of Wright v. Shipman, 279 S. W. 296, decided by this court. In that case, G. G. Wright, receiver of the United Home Builders of America, appealed from the judgment of the district court of Delta county, perpetually enjoining the execution of an order of sale issued on the default judgment sought to be vacated in these proceedings.

[1, 2] This court reversed and rendered the Wright-Shipman Case, on the ground that the judgment by default was not void, therefore not subject to collateral attack, and that, under the provisions of article 4656, Rev. St. 1925 (article 4653, Rev. St. 1911), the district court of Delta county was without jurisdiction to entertain the suit.

The present suit, however, is a direct attack on the validity of the judgment by default, instituted in the court rendering the same. In our opinion appellant's allegations, which if true, and they must be accepted by us as true, against a general demurrer, show a reasonable excuse for his failure to answer the suit before judgment by default, and exhibit a meritorious defense to the cause of action alleged, if not in toto, at least in part. For these reasons the case will be reversed and remanded for trial on its merits. The temporary injunction heretofore issued will be continued in effect until the final disposition of this controversy.

Reversed and remanded.