## GARRISON v. GARRISON et al.
### No. 1179.

Court of Civil Appeals of Texas. Eastland.
Nov. 24, 1933.

Rehearing Denied Dec. 22, 1933.

Smith & Smith, of Anson, for appellant.

Wilburn Barcus, of Big Spring, for appellees.

LESLIE, Justice.

Mrs. Maudie E. Garrison instituted this suit against A. L. Garrison and West Texas National Bank to recover the sum of $1,200 on deposit in that bank. The defendant A. L. Garrison pleaded non est factum, entered a general denial, and specially alleged that he was the owner of the $1,200, and that in any event the check on which plaintiff's suit was instituted grew out of an unlawful transaction, and for that reason plaintiff should not be permitted to recover the funds on deposit in his name in said bank. Plaintiff denied such transaction. The bank answered, disclaiming any interest in the fund further than that it was merely a stakeholder, and asked the court for direction as to whom the same should be paid. Trial was before the court and jury. The case was submitted upon one special issue, as follows:

"Do you find from a preponderance of the evidence that the defendant A. L. Garrison signed the $1,200.00 check in question?

"Answer 'Yes' or 'No'. Ans. 'Yes.' "

Upon this verdict, judgment was entered in favor of the plaintiff, and the bank directed to deliver the funds to her.

The parties will be referred to as in the trial court. The defendant A. L. Garrison presents several propositions of law upon which he contends the judgment of the trial court should be reversed. The litigants have treated the suit as one based upon a written instrument, namely, a check given by A. L. Garrison to plaintiff, Mrs. Maudie E. Garri-

son, but in plaintiff's petition she also alleges in the alternative that she is the owner of the funds against which the check was drawn, and entitled to recover it as such. The parties seem to have regarded the suit as based essentially on the genuineness of the check, and rested their rights upon the sole issue presented to the jury.

■ The first proposition urged by A. L. Garrison may well be regarded as the statement of an abstract proposition of law. It is to the effect that in a suit on a written instrument where the defendant presents a proper plea of non est factum, it places the burden of proof on the plaintiff to establish the execution of the instrument. This is a correct statement of the rule of law, but in itself it presents no reversible error under the record in this case. As will later appear, the plaintiff assumed the burden of proof and discharged the same.

■ It is further contended by defendant A. L. Garrison that the cause of action was based upon an unlawful transaction between the plaintiff and himself, and that, since the plaintiff cannot recover without proof of such unlawful transaction, she cannot recover at all, for the reason that the courts will not render aid in the furtherance of such a transaction. This is based upon the proposition that a check given for a debt arising in whole or in part out of an illegal transaction is as between the parties void for want of consideration. Seeligson v. Lewis, 65 Tex. 215, 57 Am. Rep. 593; Anderson v. O'Briant (Tex. Civ. App.) 3 S.W.(2d) 842; 6 Tex. Jur. § 209, p. 859; Massachusetts Bonding & Ins. Co. v. Gottlieb (Tex. Com. App.) 15 S.W.(2d) 1020.

Under the authorities, this is a sound proposition of law, but we do not believe the record before us calls for its application.

To reflect our reasons for so holding, a little fuller statement of the record becomes necessary:

The brother of Mrs. Maudie E. Garrison was charged with a crime at Rankin, in Upton county, Tex. In her effort to release him from custody she executed with him a bail bond, and further guaranteed his appearance by delivering her personal check on a Rankin bank for $1,200. At that time she had on deposit in that bank $5,000, collected as insurance from the death of her husband. On the day the brother's release was effected, she, in company with her brother and defendant A. L. Garrison, came to Big Spring, Tex., where she furnished funds to the brother to go to the state of Oklahoma. She and A. L. Garrison thereupon returned immediately to Rankin and drew out of the bank the entire $5,000, returned to Big Spring and deposited same in the West Texas National Bank in the name of A. L. Garrison. Following this she and defendant A. L. Garrison were tak-

en to Upton county, where the authorities investigated the withdrawal of the deposit and the check transaction. As a result, the defendant A. L. Garrison disclosed the whereabouts of the money, etc. Evidently, in response to demands of the officials, he executed and delivered to the district attorney in charge of the investigation his personal check for $1,200 against the funds in his name in the West Texas National Bank. The district attorney notified the bank that the check was held as a guarantee of compliance on the part of plaintiff's brother with the bond, etc., and asked the bank to protect the check. After the delivery of the $1,200 check by defendant Garrison, he and the plaintiff returned to Big Spring, and, after consulting with an attorney, it was agreed that he (defendant) would go to the said bank and withdraw the money, or such part thereof as he was able to withdraw, and deliver it to her. The result was that he withdrew $3,800 and delivered it to plaintiff. There is some evidence that he would have withdrawn the entire amount had he been permitted to do so, but the bank officials informed him that such was held under the direction of the district attorney, and by reason of the outstanding check. Thereupon, the plaintiff and defendant reached an understanding with reference to the $1,200 remaining in the bank, and, apparently to effect a delivery thereof to her in so far as he was able to do so, defendant A. L. Garrison executed and delivered to plaintiff his check for $1,200, with the understanding that it should be presented for payment as soon as the district attorney at Rankin released the deposit. The understanding was that the district attorney should release and discharge the funds impounded by said check so soon as plaintiff's brother appeared in compliance with the said bond. The check, according to her contention in the suit, was delivered upon these terms to the plaintiff, Mrs. Maudie E. Garrison. It was left undated. Thereafter, on September 26, 1932, the district attorney at Rankin, Tex., wrote the West Texas National Bank, as follows:

"There is tied up in your bank the sum of $1200.00 for the protection of the State of Texas on two forfeited bail-bonds of Buddy Adkins, said sum of money standing in the name of A. L. Garrison. These bond forfeitures have been fully discharged, the State of Texas has been fully satisfied for which reason I as District Attorney representing the State of Texas hereby authorize you to pay over the said sum of $1,200.00 to A. L. Garrison or his order.

"You are hereby requested and authorized to cash and honor checks dated September 26, 1932, in the sum of $1,200.00 payable to Maudie E. Garrison and signed by A. L. Garrison.

"When you have paid this money out on the above order please notify me to that ef-

fect. You are, of course, to satisfy yourself as to genuineness of the signature to this check which is to be paid out of the above funds alone."

In his answer and cross-action, A. L. Garrison alleged, in substance, that said sum of $1,200 belonged to him and that it was paid to him by the plaintiff, Mrs. Maudie E. Garrison, to aid her in withdrawing her money from said banks, and in aiding her to effect the escape of her brother to Oklahoma. In other words, the defendant alleges that he conspired with the plaintiff to violate the law, and that, such being the nature of the transaction, and the manner in which he acquired the $1,200, the plaintiff should be denied recovery, and the funds adjudged to belong to him. The plaintiff denied these allegations, and supported same with testimony.

■ There are different reasons why there is no validity in this contention of the defendant A. L. Garrison. In the first place, the money in the bank, although in the name of A. L. Garrison, is and was at all times the money of Mrs. Maudie E. Garrison, and in this contest between her and him for the same, it is A. L. Garrison who in reality invokes the aid of the court to secure the fruits of an unlawful transaction, if any. He cannot recover without proof of the unlawful transaction, if any, whereas, she may recover on the check executed by him to her, and which is untainted by any unlawful transaction; or she may recover on the strength of her original ownership of the money. Hence, the principle of law here relied on by defendant Garrison denies him recovery under the facts of this case, he not being in possession of the fund.

■ Further, the defendant A. L. Garrison testified upon the trial that the money belonged to Mrs. Garrison at the time it was deposited in West Texas National Bank. There is nothing in the statement of facts showing that the appellant anywhere testified in support of his allegations of an unlawful transaction. The only effort to draw testimony in support of the same appears to have been in the cross-examination of Mrs. Garrison, but her testimony amounted to a denial of the facts upon which such a theory could be predicated. We are of the opinion there was no evidence requiring the submission of an issue upon this phase of the case.

■ However, if we be mistaken in this interpretation of the testimony, no such issue was submitted and no objection was made to the action of the court in failing to submit the same, nor was there tendered by the defendant any issue designed to present this defense to the jury for its consideration. In this state of the record defendant waives this ground of defense. Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084; Kirby Lumber Co.

v. Conn, 114 Tex. 104, 263 S. W. 902; Texas Drug Co. v. Cadwell (Tex. Civ. App.) 237 S. W. 968; Tidal Western Oil Corp. v. Blair (Tex. Civ. App.) 39 S.W.(2d) 1103; Galveston, H. & S. A. Ry. Co. v. Price (Tex. Com. App.) 240 S. W. 524; Texas City Transp. Co. v. Winters (Tex. Com. App.) 222 S. W. 541.

Proposition 3 is to the effect that a bank is permitted to place funds of a depositor on an escrow account only by consent of the depositor, and proposition 4 is, in substance, the same pointing out the difference between an escrow deposit and a general deposit. The contention is that the defendant bank, without the consent of A. L. Garrison, the depositor, placed the $1,200 in an escrow deposit. We have considered these propositions in the light of the record, and we think they must be held to be without merit, for the reason the testimony conclusively shows that at the time the bank set these funds aside under the arrangements hereinbefore detailed, the defendant A. L. Garrison himself was present in the bank and executed to the bank a written instrument to the effect that the money be placed in what was designated an escrow fund to await its release by the district attorney of Upton county. Further, this point is immaterial since the bank has the money, and disclaims any interest in it further than a desire, manifested by its pleadings, to deliver it to the true owner.

■ The last proposition of the defendant A. L. Garrison is to the effect that the court erred in the admission of certain testimony on the issue of forgery under the plea of non est factum. The error is alleged to be in this: That the court permitted interested parties to testify as handwriting experts without first qualifying as such, etc. This contention relates to the testimony of witnesses Middleton and Piner whose testimony was offered by the plaintiff to establish that the defendant A. L. Garrison in fact executed the check upon which the suit is based. Each witness testified to a long experience in the banking business and in the observation and study of handwriting, etc. Without doubt they qualified to give an opinion on matters of handwriting and signatures. When these moneys were deposited in the bank in the name of A. L. Garrison, he executed and delivered to them a signature card. When he later made an affidavit that he did not sign the particular check sued on, he signed his name in the usual and ordinary way. These two signatures were admitted on the trial of this case to be genuine, and the instruments containing them were introduced in evidence without objection on the part of A. L. Garrison. Under these circumstances, these expert witnesses were permitted to examine the signature to the $1,200 check with a view of giving their opinion as to whether or not the defendant signed the same. After such examination and comparison, they pro-

454

nounced the signature to the check to be the handwriting of the defendant A. L. Garrison. In the admission of this testimony there was no error. Bank officials, whose business it is to examine signatures, may qualify as experts in identification of handwriting by a comparison of specimens. 19 Tex. Jur. § 53, p. 78; 17 Tex. Jur. § 297, p. 695; Bell v. State, 99 Tex. Cr. R. 61, 268 S. W. 168; Bratt v. State, 38 Tex. Cr. R. 121, 41 S. W. 622.

Further and more specifically on the point raised, the fact that the witness is interested in the outcome of the proceedings does not disqualify him from giving an opinion in the role of an expert. 19 Tex. Jur. § 47, p. 73; Graham-Brown Shoe Co. v. Snodgrass (Tex. Civ. App.) 257 S. W. 632; Standefer v. Aultman & Taylor Machinery Co., 34 Tex. Civ. App. 160, 78 S. W. 552. A party to a suit may qualify and be competent to give expert testimony on the issues therein. San Antonio & A. P. R. Co. v. Wagner (Tex. Civ. App.) 166 S. W. 24, affirmed 241 U. S. 476, 36 S. Ct. 626, 60 L. Ed. 1110; 19 Tex. Jur. p. 73, § 47.

Therefore, the officials of a bank, after duly qualifying as experts, should be entitled to give their opinion on legitimate issues arising in suits in which the bank is a party. However, in this case, the witnesses Middleton and Piner should not be regarded as interested witnesses. The bank had the money, disclaimed any interest in it, and was quite as willing to pay it to one of the litigants as to the other. It asked for an order directing payment to the true owner.

The finding of the jury did not rest solely on the testimony of these expert witnesses. Plaintiff herself testified that the defendant signed and delivered the check to her for the purposes above indicated, and the attorney who was advising her and A. L. Garrison in their dealings with the bank and the officials in Upton county also gave like testimony in clear and undoubted terms. We believe this proposition should be overruled and that the judgment of the trial court should be in all things affirmed.

It is so ordered.