[Civ. No. 13280.   First Dist., Div. Two.   May 20, 1947.]

FRANK ROSE, Appellant, v. M. NELSON, Respondent.

Edward E. Craig for Appellant.

Nathan G. Gray for Respondent.

NOURSE, P. J.—During the progress of a game of poker in which plaintiff and defendant with a number of other persons were participating the defendant gave to plaintiff seven I.O.U.'s for cash used by defendant to continue the game. Thereafter defendant gave to plaintiff his check for $2,750 covering the face of the I.O.U.'s.   This check was returned from the bank unpaid and is the basis of this action.   The cause was tried to a jury which returned a verdict for plaintiff.   A new trial was granted, but pending the hearing, the defendant moved for a summary judgment under section 437c, Code of Civil Procedure.   This motion was granted and from that order the appeal is taken.

The apellant argues just one issue, which though incorrectly stated in the brief, is this:   ''Is money loaned by one player to another while both are participating in a poker game without further (stipulation as to its use) such a gambling debt'' as to preclude recovery?   The answer is in the affirmative.

The general rule covering such transactions is found in 24 American Jurisprudence page 464, reading:   ''A lender who advances money to a borrower with the understanding

that it is to be used in gambling, or who participates and shares in the gambling transaction thus promoted by his act, becomes particeps criminis and cannot recover the money thus advanced. Similarly, if the lender takes any active part in the gambling contract, such as depositing the loan as margins, he cannot recover.''

In accord are 38 C.J.S. p. 97; *Union Collection Co.* v. *Buckman,* 150 Cal. 159, 161 [88 P. 708, 119 Am.St.Rep. 164, 11 Ann.Cas. 609, 9 L.R.A.N.S. 568]; *Hamilton* v. *Abadjian,* 30 Cal.2d 49, 52 [179 P.2d 804]; *Wallace* v. *Opinham,* 73 Cal.App.2d 25, 28 [165 P.2d 709].

In *Hamilton* v. *Abadjian* (*supra*) the court said (p. 52): ''The owner of a gambling house who honors a check for the purpose of providing a prospective customer with funds with which to gamble and who then participates in the transaction thus promoted by his act cannot recover on the check. (See *Burke & Co.* v. *Buck,* 31 Nev. 74, 80 [99 P. 1078, 21 Ann.Cas. 625, 22 L.R.A.N.S. 627]; *Poorman* v. *Mills & Co.,* 39 Cal. 345, 353 [2 Am.Rep. 451]; *Appleton* v. *Maxwell,* 10 N.M. 748, 750 [65 P. 158, 55 A.L.R. 93]; L.R.A. 1918C 247, 251.)''

Here the undisputed evidence is that the loans were all made by plaintiff to defendant for the sole purpose of enabling defendant to use the proceeds in the game in which both were participating. Though some exceptions are made to the general rule when there is no evidence that the lender knew that the loan was intended to be used for gambling purposes the universally accepted rule is that where the lender does know and actually participates in the gambling game he cannot recover. This rule is adhered to in *Appleton* v. *Maxwell,* 10 N.M. 748, 750 [65 P. 158, 161, 55 A.L.R. 93], cited with approval in *Hamilton* v. *Abadjian* (*supra*).

Judgment affirmed.

Goodell, J., and Dooling, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 17, 1947. Carter, J., and Schauer, J., voted for a hearing.