[Civ. No. 13510.   First Dist., Div. Two.   Jan. 27, 1948.]

HAROLD J. LAVICK, Appellant, v. IRVING NITZBERG, Respondent.

Nathan G. Gray for Appellant.

Herman W. Mintz and J. A. Gunning for Respondent.

NOURSE, P. J.—Plaintiff sued on four checks of $500 each given to plaintiff in payment for chips to be used by defendant in a game of "low ball" or draw poker. Plaintiff was the owner of the premises in which he conducted a gambling establishment. He knew that the checks were given for the purchase of chips, that the chips would be used by the defendant in the game which was then in progress, and that one of his employees would participate in the game. Defendant lost all the chips and thereafter stopped payment on the checks.

The cause was determined on a stipulation of facts, and the trial court made findings as to the truth of the allegations of the complaint and of the affirmative defense. Judgment followed for defendant.

Appellant rests his case on the premise that since "low ball" or draw poker is not a game declared illegal by section 330 of the Penal Code therefore such a game is a "lawful" transaction. The argument overlooks the provisions of section 1667 of the Civil Code which reads: "That is not lawful which is: 1. Contrary to an express provision of law; 2. Contrary to the policy of express law, though not expressly prohibited; or 3. Otherwise contrary to good morals." Thus that which is contrary "to the policy" of express law, or contrary to good morals is unlawful though not expressly prohibited by statute. It is this section which determines what is an unlawful contract, not section 330 of the Penal Code which determines what types of gaming are punishable as misdemeanors. And it is this section which establishes the law that a contract founded upon a gambling consideration is unenforceable.

Draw poker is assuredly a game of chance or, in other

words, gambling. *People* v. *Philbin,* 50 Cal.App.2d Supp. 859 [123 P.2d 159] ; *City of Lake Charles* v. *Marcantel,* 125 La. 170 [51 So. 106]. In the early case of *Bryant* v. *Mead,* 1 Cal. 441, the court held that the keeper of a licensed gaming room could not recover money lost by the defendant in a game of faro. In *Carrier* v. *Brannan,* 3 Cal. 328, in holding that a plaintiff could not recover money lost in play at a common gambling house, the court said (p. 329) :

"This court decided, in the case of *Bryant* v. *Mead,* 1 California Rep. 441, that no action would lie at common law to recover debts of this character. This has ever since been regarded as the settled law of the State upon this subject, and we feel no disposition to disturb or question the propriety of that decision. It needs no authority or arguments to satisfy this court that the practice of gaming is vicious and immoral in its nature, and ruinous to the harmony and well-being of society. Neither do we think that gaming debts have been legalized by the operation of the act of the legislature licensing gaming-houses.

"The legislature, finding a thirst for play so universally prevalent throughout the State, and despairing of suppressing it entirely, have attempted to control it within certain bounds, by imposing restrictions and burdens upon persons carrying on this kind of business. The license simply operates as a permission, and removes or does away with the misdemeanor which existed at common law without changing the character of the contract."

The principle upon which the rule of these cases rests is that the consideration for notes given in a gambling game in a gambling house is *contra bonos mores* and as such "unlawful" under section 1667 of the Civil Code. *Union Collection Co.* v. *Buckman,* 150 Cal. 159 [88 P. 708, 119 Am.St.Rep. 164, 11 Ann.Cas. 609, 9 L.R.A. N.S. 568] ; *Hamilton* v. *Abadjian,* 30 Cal.2d 49 [179 P.2d 804] ; *Rose* v. *Nelson,* 79 Cal.App.2d 751 [180 P.2d 749] ; 24 Am.Jur. p. 464; 38 C.J.S. p. 97. Directly in point on all features is *Drinkall* v. *Movius State Bank,* 11 N.D. 10 [88 N.W. 724, 95 Am.St.Rep. 693, 57 L.R.A. 341]. Without laboring the discussion further it is sufficient to say that the uniform rule of the cases is that promissory notes given in a gaming-house to the keeper of the house for the purpose of enabling the maker to participate in any game of chance with the keeper or his employees are unenforceable under the provisions of section 1667 of the Civil Code.

Since the plaintiff could not recover on the notes under any form of pleading or practice it would serve no purpose to consider his argument that findings of fact should not have been made because the case was heard on a stipulation of facts. Even if that were error the stipulation alone compelled a judgment for the defendant.

Judgment affirmed.

Goodell, J., and Dooling, J., concurred.