[Civ. No. 13752. First Dist., Div. Two. Nov. 8, 1948.]

F. BRAVERMAN, Appellant, v. FRED HORN, Respondent.

Orla St. Clair and Arthur H. Connolly, Jr., for Appellant.

Theodore Golden and J. Bruce Fratis for Respondent.

NOURSE, P. J.—Plaintiff appeals from the order granting motion for summary judgment and from the judgment for defendant in an action upon a check issued for a gambling debt.

The complaint is in two counts; in the first appellant sues on a check to "cash" for $12,400 signed by defendant and delivered by him to William Harrah, doing business as Har-

rah's Club in Reno, Nevada, and after refusal of payment assigned by said Harrah to plaintiff for collection; the second count is a common count for moneys advanced by said Harrah to defendant, the indebtedness for which was assigned by said Harrah to plaintiff. The answer denied any indebtedness and alleged that the check was without lawful consideration, as the consideration received was chips for the purpose of gambling in Harrah's Club and the amount of the check represented the amount lost by defendant in such gambling; that the assignee had knowledge of said facts. The motion for a summary judgment in favor of defendant was supported by an affidavit of defendant to the same effect as his above defense, stating in detail how he gave checks for chips and new checks in return for the old ones, adding the amount of new chips he desired or subtracting the amount of chips won, which he returned. Plaintiff filed two affidavits of managers of the club stating that in the club chips are never given for personal checks, that the cashier of the club paid defendant United States money for his checks and that no restrictions of any kind were placed on the use to be made by defendant of said money.

Plaintiff did not however deny the material allegations of the answer and defendant's affidavit that, during the period of two days and one night when defendant was shooting dice in the Harrah's Club, the management cashed a series of checks (whether in coin or chips is disputed) the proceeds of which were all used and lost in the dice game. After defendant had lost the entire sum to the knowledge of the club the latter accepted the check in suit in lieu of all the smaller checks which were then destroyed.

Appellant argues that on a motion under section 437c, Code of Civil Procedure, the court has only to decide whether the opponent has presented any facts which give rise to a triable issue, not to determine the issue itself, citing *Eagle Oil & Ref. Co.* v. *Prentice,* 19 Cal.2d 553 [122 P.2d 264]; that here the facts shown by appellant present a triable issue as his affidavits deny that the check was given for gambling chips, and allege that it was given for money without restriction on its use; and that according to *Hamilton* v. *Abadjian,* 30 Cal.2d 49 [179 P.2d 804], recovery is not excluded on any check cashed by the owner of a gambling house, but only on such as is cashed to provide a prospective customer with funds with which to gamble, the owner or his establishment participating in the gambling.

Respondent contends that there was no triable issue as the affidavits of appellant did not deny that the checks were cashed for the purpose of providing respondent with funds with which to gamble, that he gambled with the funds procured, nor that Harrah's Club participated in the gambling. ▮ This is the only triable issue on the case made in the pleadings and appellant's admissions foreclose any possibility of a judgment in her favor. Her statement of the rule of the Hamilton case is too restrictive. Though the expression relating to money given "without restriction on its use" is often used, the real factor is whether it was given "for the purpose of providing funds" to enable one to gamble with the donor. Having honored the checks, either by payment in cash or chips, for the purpose of enabling the drawer to use the proceeds in a gambling game conducted by the payor the latter has no cause of action on the checks. This is the rule of *Hamilton* v. *Abadjian, supra,* 30 Cal.2d 49 where, at page 52, the court said: "The owner of a gambling house who honors a check for the purpose of providing a prospective customer with funds with which to gamble and who then participates in the transaction thus promoted by his act cannot recover on the check. (See *Burke & Co.* v. *Buck,* 31 Nev. 74, 80 [99 P. 1078, 21 Ann.Cas. 625, 22 L.R.A. N.S. 627] ; *Poorman* v. *Mills & Co.,* 39 Cal. 345, 353 [2 Am.Rep. 451] ; *Appleton* v. *Maxwell,* 10 N.M. 748, 750 [65 P. 158, 55 A.L.R. 93] ; L.R.A. 1918C 247, 251.)"

Later California cases to the same effect are *Rose* v. *Nelson,* 79 Cal.App.2d 751 [180 P.2d 749] ; *Lavick* v. *Nitzberg,* 83 Cal.App.2d 381 [188 P.2d 758].

The underlying principle supporting the judgment is that the check in suit is a contract in payment of a gambling debt and as such *contra bonos mores* and unenforcible under section 1667 of the Civil Code. This is the rule of *Union Collection Co.* v. *Buckman,* 150 Cal. 159 [88 P. 708, 119 Am.St.Rep. 164, 11 Ann.Cas. 609, 9 L.R.A. N.S. 568], which has been uniformly followed.

Judgment affirmed.

Goodell, J., and Dooling, J., concurred.