**GULF COLLATERAL, INC., Appellant,**

v.

**Johnnie GEORGE, Appellee.**

**No. 543.**

Court of Civil Appeals of Texas, Tyler.

April 8, 1971.

Franklin R. Navarro, Houston, for appellant.

**22**

John O. Davis, Law Offices of Tate McCain, Palestine, for appellee.

McKAY, Justice.

Gulf Collateral, Inc., appellant, brought suit against Johnnie George, appellee, for $15,900 actual damages for the balance due on a $25,000 check given by George to Caesar's Palace in Las Vegas, Nevada. Appellant alleged it was assignee of the indebtedness and also claimed exemplary damages and interest. Appellant plead it was assignee of California Clearing Corporation, assignor, and plead alternatively in quantum meruit and fraud. Appellee answered that the claim of appellant was an illegal attempt to collect a gambling debt and therefore unenforceable, and that such suit contravened the public policy of Texas. Appellee also plead failure of consideration and denied the genuineness of any assignment to appellant, and alleged that both appellant and his assignor knew, prior to any assignment, that the check sued on represented a gambling debt.

After hearing, appellee's motion for summary judgment was granted and appellant brings this appeal on three points, which taken together, contend there were genuine issues of material facts raised by pleadings, affidavits and the deposition of appellee.

In moving for summary judgment, appellee assumed the burden of establishing that there was no genuine issue as to any material fact and that he was entitled to judgment as a matter of law. Rule 166–A, Texas Rules of Civil Procedure; Gibbs v. General Motors Corporation, 450 S.W.2d 827 (Tex.Sup., 1970); Torres v. Western Casualty & Surety Company, 457 S.W.2d 50 (Tex.Sup., 1970).

Before the trial court at the time of the hearing on the motion for summary judgment were the pleadings, the deposition of Johnnie George, appellee, the affidavit of appellee and the affidavit of appellant's attorney. The deposition of appellee, as well as his affidavit, discloses that appellee, on or about April 30, 1967, went to Las Vegas, Nevada, and lost in excess of $25,-000 gambling at Caesar's Palace the same day; that gambling chips were advanced to him $5,000 at a time by an employee of Caesar's Palace who was running the dice table; that after losing $25,000 in chips, he gave the Caesar's Palace employee running the "cage" or cash-in booth a bank draft for $25,000 which draft represented the total amount of chips furnished to him and all of which were lost gambling; that he paid to Caesar's Palace $8,950 on this debt and $150 to appellant's attorney; that he did not ask California Clearing Corporation, nor did they offer, to advance him any chips or money to pay for chips advanced to him by Caesar's Palace; that he did not know why California Clearing Corporation was made payee on the draft or check; that all chips advanced to him were for the purpose of gambling; that he so used them for gambling and lost all of them.

The affidavit of appellant's attorney does not dispute or deny that appellee was furnished chips for the alleged debt to be used, or that were used to gamble, but sets out that there was an assignment of the obligation to appellant by California Clearing Corporation and that appellee made some payments on the obligation and promised to make more payments, and that $150 had been paid to him since he had been handling the matter. His affidavit also reveals that he is President of appellant corporation, Gulf Collateral, Inc.

Appellant's contention that there exists a genuine issue of material fact cannot be sustained. While the rule has been followed that a genuine issue of material fact is not raised by allegations in the pleadings when they are controverted by affidavits or other evidence, in the absence of counter affidavits to sustain them, Allen v. Western Alliance Insurance Co., 162 Tex. 572, 349 S.W.2d 590 (1961), the Supreme Court in the recent case of Hidalgo v. Surety Savings and Loan Association,

462 S.W.2d 540 (1971), speaking through Chief Justice Calvert, stated:

"On balance, we are convinced that orderly judicial administration will be better served in the long run if we refuse to regard pleadings, even if sworn, as summary judgment evidence. * * *"

We are of the opinion that the older rule would be sufficient here to rule out any genuine fact issue, but the Hidalgo case forecloses the issue. There was no evidence before the trial court that the chips obtained in exchange for the check or draft were used or could have been used for any purpose except gambling.

It was undisputed that Caesar's Palace, to whom the check or draft was given, was a participating party in the gambling.

Appellee is an interested party and it is his testimony that the debt sued on is a gambling debt. The general rule is that the testimony of an interested witness, even if uncontradicted, does no more than raise a question of fact. However, " * * * there is an exception to this rule, which is that where the testimony of an interested witness is not contradicted by any other witness, or attendant circumstances, and the same is clear, direct and positive, and free from contradiction, inaccuracies, and circumstances tending to cast suspicion thereon, it is taken as true, as a matter of law. * * *" Cochran v. Wool Growers Central Storage Co., 140 Tex. 184, 166 S.W.2d 904, 908 (1943); B & B Pharmacy and Drug, Inc. v. Lake Air National Bank of Waco, 449 S.W.2d 340 (Tex.Civ.App., Waco, 1969, writ dism.); Gulf Collateral, Inc. v. Cauble, 462 S.W.2d 619 (Tex.Civ.App., Fort Worth, 1971, n. w. h.). " * * * The exception has especial application when the opposite party has the means and opportunity of contradicting or disproving the testimony, if it is untrue, and fails to do so. * *" B & B Pharmacy and Drug, Inc. v. Lake Air National Bank of Waco, supra; Gulf Collateral, Inc. v. Cauble, supra. Our view of the record convinces us the exception applies in this case.

There are no facts in the record to show that appellant is a holder in due course. There is no assignment in the record from Caesar's Palace to California Clearing Corporation or from California Clearing Corporation to Gulf Collateral, Inc.

We have concluded that under the record here, appellant could not recover as a matter of law. In cases of this kind, the rule seems to be as stated in 53 A.L.R.2d 372:

"Patrons of gambling establishments occasionally borrow money from the proprietor or secure cash or chips from him by giving a check or other instrument, so as to take part in the game. It has been recognized that under such circumstances the proprietor (who is regarded as a participant in the game) cannot recover from the borrower on the loan or because the check or other instrument has been dishonored."

This rule is followed in Springer v. Sahara Casinos Company, 322 S.W.2d 33 (Tex.Civ.App., Eastland, 1959, writ dism.), and Gulf Collateral, Inc. v. Cauble, supra.

Appellant says that this case is governed by Castilleja v. Camero, 414 S.W.2d 424 (Tex.Sup., 1967). We disagree. No act had to be performed in Texas in that case, whereas the check given by appellee in this case was drawn on a Texas bank and payable in Texas.

The judgment of the trial court is affirmed.