**GULF COLLATERAL, INC., Appellant,**

v.

**Roy R. JOHNSTON, Appellee.**

**No. 5242.**

Court of Civil Appeals of Texas, Waco.

May 3, 1973.

Rehearing Denied June 14, 1973.

Franklin R. Navarro, Houston, for appellant.

Paul P. Regnier, Houston, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff Gulf Collateral from take nothing judgment in suit against defendant Johnston on 10 checks for $131.88 each.

Plaintiff sued defendant alleging that Desert Inn Hotel in Las Vegas, Nevada assigned it 3 checks of $500. dated on January 8 or 9, 1969, which Desert Inn cashed for defendant, and which were returned by defendant's bank marked "Insufficient Funds"; that plaintiff "entered into a compromise agreement" with defendant whereby defendant executed 12 checks for $131.88 each dated one month apart, that 2 of these checks were paid but that 10 were not paid due to "payment stopped". Plaintiff prayed judgment for $1250.

· Defendant answered that the amount sought by plaintiff is based entirely and exclusively on a gambling debt and is illegal and void, that the funds involved were lost by defendant at Desert Inn while gambling with employees of Desert Inn.

Trial was before the court without a jury, which rendered judgment that plaintiff take nothing.

Plaintiff appeals on 2 points:

1) The trial court erred in granting judgment for defendant in that the judgment rendered was contrary to the law and evidence; and judgment should have been rendered for plaintiff.

2) The trial court erred in granting judgment for defendant as the "tainted transaction" had been completed and the

new contracts (the unpaid checks) were not vitiated by the taint, if any, of the original transaction.

Defendant Johnston was gambling at the Desert Inn in Las Vegas, Nevada, lost all of his money and went to "the window" and asked if they would cash his check. They cashed defendant's check for $500.; defendant turned around and bought $500. worth of chips and walked to the dice table and started back gambling and lost. He cashed 2 additional checks for $500. and returned to gambling and lost this money. The checks were not paid by defendant's bank to Desert Inn which assigned them to plaintiff.

Plaintiff's attorney contacted defendant and had prepared the 10 checks for $131.88 sued on and defendant signed them. The checks were made payable to plaintiff's attorney who assigned them to plaintiff. The checks payable to plaintiff's attorney and signed by defendant are the same sums of money defendant lost at the gambling table at Desert Inn.

After defendant cashed the 3 checks for $500. at Desert Inn he could have used the funds for anything he desired, but he in fact bought chips and lost them at the dice table to Desert Inn's employees.

The 10 checks sued on show on their face they are for " * installment on notes dated Jan. 8, 1969".

■ Plaintiff is not a purchaser for value without notice and is in the same posture as Desert Inn.

The applicable rule is stated in 53 A.L. R.2d 372, as follows:

"Patrons of gambling establishments occasionally borrow money from the proprietor or secure cash or chips from him by giving a check or other instrument, so as to take part in the game. It has been recognized that under such circumstances the proprietor (who is regarded as a participant in the game) cannot recover from the borrower on the loan or because the check or other instrument has been dishonored."

The above rule is cited and followed in: Springer v. Sahara Casinos Co., Tex.Civ. App., Er.Dism'd. 322 S.W.2d 33; Gulf Collateral, Inc., v. Cauble, Tex.Civ.App., NWH, 462 S.W.2d 619; Gulf Collateral, Inc., v. George, Tex.Civ.App., NWH, 466 S.W.2d 21.

38 Am.Jur.2d p. 286 states the rule thusly:

"Where an individual engaged in a gambling game makes a loan, or accepts a check and makes payment thereon, so as to enable the borrower to participate in the game, he is not entitled to recover the amount of the loan, or the amount of the check on its dishonor".

■ Under the record we think the trial court authorized to believe the transaction tainted with illegality, and authorized to render the judgment appealed from.

Plaintiff's points are overruled.

Affirmed.